MAGGIE DOLAN and HUSBAND, Respondents, *v.* THE CITY OF MOBERLY, Appellant.

### April 13, 1885.

1. EVIDENCE—COMPETENCY OF—TESTIMONY OF PHYSICAL FACTS NOT CONFINED TO EXPERTS.—A physical fact, manifested to the consciousness of the person testifying, is not so much a scientific question as not to permit the subject to speak of it, except she be an expert, and such a fact may be testified to by the subject of it as any other fact within the range of the senses.—Following *Bragg* v. *Moberly*, decided at present term.

2. NEGLIGENCE—PLEADING—SUFFICIENCY OF AVERMENT—In an action for negligence the petition need not specify the particular act complained of; but a general averment of negligence will be sufficient. Following *Schieder* v. *R. R.*, 75 Mo. 295; and *Mack* v. *R. R.*, 77 Mo. 232.

3. EVIDENCE—COMPETENCY OF—DISTINCTION BETWEEN TESTIFYING TO A FACT FROM CONSCIOUSNESS, AND CHARACTERIZING IT PATHOLOGICALLY—There is a difference in testifying to a fact, manifested to the consciousness of the person testifying, which is within the competency of non-expert witnesses, and the determining of the character of a disease requiring scientific skill and experience to denominate it, which is usually a matter determinable by the evidence of expert or skilled witnesses,—the latter being a mixed question of law and fact. Per PHILIPS, P. J., in separate opinion concurring in result.

Appeal from Audrain Circuit Court, HON. ELIJAH ROBINSON, Judge.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

WM. B. SANFORD, for the appellant.

I.   The court erred in admitting the testimony of plaintiff as to her pathological condition, * * because it was only a matter of opinion on her part.   It was a scientific question, on which the evidence of a medical expert only was admissible, and she was not competent.—1 Greenl. Evid. (13 ed.) sect. 440 ; *Sparr* v. *Wellman*, 11 Mo. 230 ; *Emerson* v. *Gaslight Co.*, 6 Allen (Mass.) 148 ; 26 Mo. 530 ; 30 Mo. 160 ; 3 Dougl. 157 ; 1 Sm., Leading Cases, 286.

II.   The court erred in the instruction relating to condition of sidewalk and knowledge of it by defendant and the care of plaintiff, because it is misleading:   Here there was contributory negligence.   Two things must concur to make city liable.   1. That thoroughfare was out of repair by negligence of city.   2. That plaintiff at time of injury was using ordinary care.—*Bassett* v. *St. Joseph* 53 Mo. 302 ;  63 Mo. 419 ;  45 Mo. 449 ; 16 Pick, 189 ;  54 Mo.  598.

III.   A general charge of negligence will not suffice. It must be pleaded and also proved.—4 Wall.(U. S.) 658 ; 42 Mo. 191 ;  49 Mo. 170.   The instruction on the subject was misleading and erroneous ; as also the *refusal* to give one asked by defendant as to use of ordinary care by plaintiff.—*Craig* v. *Sedalia*, 63 Mo. 417.

IV.   The testimony for the plaintiff is unsatisfactory and unreliable.   It plainly appears by admissions that there was negligence on her part contributing directly to the accident.

HOLLIS & WILEY, for the respondents.

I.   Pathology does not extend to disqualifying a witness to the fact of having a headache, finger off, running sore, etc.   If any one is competent to testify to the fact, it is certainly the sufferer.   And to cause or move to cause an injured plaintiff to be examined by a physician is unknown to our law.—*Lloyd* v. *Hannibal & St. J. R. R. Co.*, 53 Mo. 509.

II.   As to plaintiff's injury her testimony is fully sustained by the witnesses.   The defendant's instructions were properly refused, as failing to qualify the degree of

care, as not warranted by the evidence and as not correctly declaring the law.

III.   If plaintiff had knowledge of the defective condition of sidewalk, it is not conclusive evidence of contributory negligence.   The law presumes that plaintiff was in the exercise of ordinary care and this presumption is not overthrown by the fact of injury or by reason of knowledge of the defective condition of sidewalk. The question of contributory negligence was properly submitted to the jury under the instructions given by the court.—*Brusching* v. *St. Louis Gaslight Co.*, 73 Mo. 233, and cases cited; *Smith* v. *St. Joseph*, 45 Mo. 449 ; *Russell* v. *Columbia*, 74 Mo. 480 and 494 and cases cited.

IV.   It was the duty of the city to keep its sidewalks in a reasonably safe condition, and it is liable for its failure, if plaintiff was using ordinary care.   The answer admits its control over sidewalks, and the testimony shows it located in the business part of the city and actual knowledge of its condition on the part of defendant. These are the facts for the jury under proper instructions. —*Craig* v. *Sedalia*, 63 Mo. 417; *Oliver* v. *Kansas City*, 69 Mo. 79 ; *Maneman* v. *Surreats*, 71 Mo. 101 ; *Logan* v. *St. L., I. M. & S. Ry. Co.*, 72 Mo. 392.

V.   Petition sufficient and city liable.—*Brown* v. *Kansas City*, 57 Mo. 454; *Bassett* v. *St. Jo.*, 53 Mo. 290 ; *Hall* v. *Kansas City*, 54 Mo. 598 ; *Blake* v. *St. Louis*, 40 Mo. 570.

Opinion by ELLISON, J.

The plaintiff sued the defendant in the Moberly court, of common pleas, claiming damage for injuries received by falling on and partly through a sidewalk on defendant's streets.

The case was removed to the Audrain circuit court, where on trial plaintiff obtained judgment for $1,425.00. Defendant appeals to this court, assigning as error on part of the court below the overruling of its demurrer to the evidence and giving instructions number one and four for plaintiff, and refusing number five offered by defend-

ant. Also in permitting plaintiff to testify when speaking of her injuries, "that she had two abscesses and that her womb was down;" for the reason "it was a scientific question, on which the evidence of a medical expert only, was admissible and she was not competent."

Defendant complains of plaintiff's instructions by number, although they do not appear to be numbered in the record. Plaintiff's instruction number four is objected to, while there are but *three* in the record, and in setting out objections to instruction number one, matters are objected to wholly foreign to anything found in the instruction. The objections urged to number "four" would seem to apply to what is in number one. However, as exceptions were taken to plaintiff's instructions generally, at the trial, we will set them out for consideration, as follows:

"The court instructs the jury that contributory negligence is a defence which has to be pleaded and proved by defendant; and the burden of proof is on the defendant to show by a preponderance of the evidence that plaintiff's negligence directly contributed to the injury.

"If the jury find for the plaintiff, in estimating the damages they will take into consideration her age and condition in life ; the physical injury inflicted and the bodily pain and mental anguish endured, together with the loss of time occasioned, and all the expenses incurred in and about the treatment of her case, and also any and all damages which appear from the evidence will reasonably result to her from said injuries in the future, not exceeding five thousand and fifty dollars.

"The court instructs the jury that, on the 21st day of October, 1881, the defendant was and for a long time had been a municipal corporation having by the terms of its charter the exclusive control and management of its sidewalks, and that it was the duty of defendant to keep the same on the streets, in general public use for travel, in a condition reasonably safe for persons passing along the same, and if you believe from the evidence that Clark street, between Reed and Rollins streets, was at that time

a street in general public use for travel within the limits of the city of Moberly, and defendant neglected its duty, suffered and permitted said sidewalk on the east side of said Clark street to be and remain in a condition dangerous to persons walking thereon, and that plaintiff on or about said day, while walking on said sidewalk, unaware of danger and using reasonable care, fell because of said dangerous condition of said sidewalk and was hurt and injured then, you are bound to find for plaintiff. ''

The court refused the following instructions offered by defendant: '' If the jury believe from the evidence that there was a defect in the sidewalk and that said defect was a step-off or a loose plank, or both, and that plaintiff, Maggie Dolan, knew that said step-off and loose plank was there and that she had frequently passed over the same, and if the jury believe from the evidence that plaintiff, with care and precaution, would have passed over the same without falling down and injuring herself, then the jury will find for defendant, although the jury may further believe from the evidence that the officers of said city of Moberly, knew of said defect and failed and neglected to repair same. ''

But at defendant's request, among others the court gave the following: '' If the jury believe from the evidence that the sidewalk was out of repair and that this fact was known to plaintiff, Maggie Dolan, then it was her duty to act upon said knowledge and to use proper care in passing over said walk, and if she failed to use such care, and such want of care directly contributed to her fall and being hurt, then the jury will find for the defendant. ''

In considering defendant's demurrer we have examined the evidence closely and find the court to be amply justified in its action in that regard. There was evidence tending to establish plaintiff's case, and though the evidence on the part of the defendant was strongly the other way, the jury has decided the issues for plaintiff, and if that decision has been made under proper direction from the court, we will affirm the judgment, without reference to the views we might entertain of the testimony.

There was no error in admitting that portion of plaintiff's testimony in which she stated that she had two abscesses and falling of the womb. This precise question was passed on by this court in the case of *Peoria Bragg et al.* v. the *City of Moberly,* decided at this term. Such evidence does not necessarily come from an expert. If we should rule that it did, we would find ourselves demanding expert testimony concerning the most ordinary complaints common to the female sex. It was a physical fact of which she, a woman forty years old, who has borne a large family, could have knowledge, however ignorant, unlettered or unscientific she might be. Instruction on number five was rightly refused. Besides assuming facts not justified by testimony, it was covered in all material respects by number four given at defendant's instance.

Defendant in stating objections to plaintiff's first instruction says: "For while it is true that contributory negligence is a defence that must be pleaded and proved by a preponderance of the evidences, yet it is equally true a general charge of negligence against defendant will not suffice." We are at a loss to understand the tenor of this objection as applied to the case. And while we think a general charge of negligence *is* sufficient (*Schneider* v. *Mo. Pac. Ry. Co.,* 75 Mo. 232 ; *Mack* v. *The St. Louis, K. C. & N. Ry. Co.,* 77 Mo. 232), yet if it is meant to say, that plaintiff's petition is insufficient in containing only a general charge of negligence, it is an error, for the pleader is quite particular and specific in stating the matters constituting the negligence. The action of the court in admitting the testimony and passing on the instructions we deem correct. The action of the jury in passing on the facts, it is not our province to question.

The judgment is affirmed. Hall, J., concurs.

Separate opinion by PHILIPS, P, J.

I concur in the result reached by the majority of the court. But I recognize a difference in a female witness's competency to testify to a falling of her womb, and her competency, generally, to denominate an abscess. In the latter instance, much would, in my opinion, depend upon

the location of the abcess, whether it was external or internal ; if external whether the patient could see it. In other words, if it were an accidental cavity of the body with pus obvious to the senses, it might require no special skill to recognize it ; but if hidden or concealed from the subject, it might require such knowledge of pathology to detect the cause and character of the disorder as to render an unskilled or inexperienced person incompetent to speak of it. So I hold, this being a mixed question of law and facts, the defence should have gone further and developed by cross-examination the location and character of the disorder.