BRIDGET WRIGHT ET AL., Respondents, v. THE CITY OF
KANSAS, Appellant.

Kansas City Court of Appeals, June 15, 1885.

1.  AFFIRMANCE.—The exceptions taken to the action of the court below
    are not good, and the judgment seeming to be manifestly for the
    right party is affirmed.

APPEAL from Jackson Circuit Court, HON. F. M.
BLACK, J.

*Affirmed.*

The facts and statement sufficiently appear in the
opinion of the court.

WASH ADAMS, City Counselor, and R. K. FIELD, for
the appellant.

I.    There is one exception in the record saved by ap-
pellant, which is fatal to the verdict and judgment of the
court below, to-wit:   The failure and refusal of the court
to give instruction number three asked by appellant, and
which was not supplied by what was contained in number
two on behalf of plaintiffs.  Said instruction (No. 3) was as
follows:   "And although the jury may believe from the
evidence, that the City of Kansas was negligent in keep-
ing in repair the sidewalk on Cherry street, between
Tenth and Eleventh streets, and on the west side thereof,
and that the same was in an unsafe condition at the time
of the accident, yet, if you further believe that Mrs.
Wright had equal knowledge or cause to know of the un-
safe condition of said sidewalk, and carelessly and negli-
gently went upon the same, then she did so at her own risk,
and the defendant is not liable; and in determining the
question of carelessness or negligence of either the plaintiff
or defendant, you will take into consideration all the facts
and circumstances of the case."   There is no rule of law bet-
ter settled in Missouri than, that if there is any evidence
whatever tending to show any negligence, however slight

it may be, that question must be submitted to the jury. It appears from Mrs. Wright's admissions that she knew of the precarious condition of the sidewalk some weeks before she got hurt. It was not enough that she *carefully* encountered the danger. The error of the court is too palpable to need any citation of authority.

II. It is too late for respondent to object to sufficiency of answer, setting up contributory negligence. It could only have been reached before trial by motion. *Mack v. R. R.*, 77 Mo. 232 ; *Harrison v. R. R.*, 74 Mo. 364.

III. Appellant does not contend that the evidence of plaintiff's contributory negligence was sufficiently clear to have justified the court in declaring, as a matter of law, that upon the evidence adduced, she was not entitled to recover ; because the court can only do that when contributory negligence is the only theory deducible from the evidence. The rule in this state is, that if evidence is susceptible of two theories—one of negligence and the other non-negligence—the court must submit the question to the jury. There was sufficient evidence to entitle appellant to have it thus submitted. *Norton v. Itner*, 56 Mo. 351 ; *Wilson v. Board of Education*, 63 Mo. 137 ; *Brown v. R. R.*, 50 Mo. 461.

WARNER & DEAN, for respondents.

I. The only argument to reverse the judgment is the refusal of the court to give defendant's third instruction. To this we have a four-fold answer : 1. Defendant's answer furnishes no ground to support its plea of negligence. 2. The question was fairly submitted by the second instruction given for plaintiff. 3. There is no evidence that plaintiff was negligent. 4. The instruction is misleading. *Waldhier v. R. R.*, 71 Mo. 514 ; *Harrison v. R. R.*, 74 Mo. 364. The *facts must be set up constituting negligence*—which was not done in the answer of defendant. *Corder v. R. R.*, 78 Mo. 572.

II. All that plaintiff was entitled to under the law was given in the second instruction asked for by plaintiff.

III. There is no evidence whatever tending to show that plaintiff was guilty of contributory negligence. The

most that appears is, that plaintiff had some notice of the defective condition of the sidewalk. Certainly such notice or knowledge, does not constitute negligence. The sidewalk being a part of the public highway, she had a right to use it, and all that was required of her was the exercise of ordinary care in such use. This is the settled law of this state. *Buesching v. St. Louis Gas Light Co.*, 73 Mo. 232; *Bonine v. City of Richmond*, 75 Mo. 437; *Russell v. Town of Columbia*, 74 Mo. 480; *Halpin v. City of Kansas*, 76 Mo. 335; *Loewer v. City of Sedalia*, 77 Mo. 431.

IV. The third instruction asked by defendant is misleading and would have misled the jury. There was no evidence of negligence on the part of plaintiff, and none that she had any actual knowledge of the condition of the sidewalk. If the defendant could have known of the condition of the sidewalk by exercising diligence, and did not, this is sufficient to make it liable. It should not be permitted to plead its ignorance in defence to the knowledge possessed by plaintiff.

Opinion by Ellison, J.

This is an action for personal injury, in which plaintiff obtained judgment in the circuit court for $2,000, and defendant appeals. There was no exception to the testimony nor to any instruction for plaintiff. The only exception taken at the trial being to the refusal of the first, second and third instructions offered by defendant.

On Sunday morning, August 14, 1881, Mrs. Wright, the respondent, while walking on the west side of Cherry street, between Tenth and Eleventh streets (at about the middle of the block), fell upon the sidewalk and received personal injuries from the fall. It seems that at that point the plank in the sidewalk had become loose and separated; that when Mrs. Wright and another lady were walking along said sidewalks that Sunday morning (going to a Catholic church), this other lady (a little in front and to one side of Mrs. Wright), stepped upon one end of one of these loose planks, tipping it up in front of Mrs. Wright, and Mrs. Wright then stepped in the open space left in

the sidewalk by the raised plank, and falling, received physical injuries thereby.

We think the record shows plaintiff fully entitled to her judgment, both upon the law and the facts. The alleged error in refusing the first instruction is very properly not insisted on. The court was equally justified in refusing the second instruction, as there is not a particle of evidence brought forward in the abstracts before us justifying the instruction. There is nothing tending in that direction. The third instruction was properly refused for two reasons: First. There is nothing in the record showing plaintiff was guilty of contributory negligence. The fact of her knowing the walk was somewhat unsafe in wet weather, would not certainly prevent her from walking over it in good weather, with the care she was required to exercise by the other instructions. But conceding the jury should have been instructed as to contributory negligence, it was sufficiently done in other instructions given by the court.

The law as to liability of cities in cases of this sort is well settled, and it is not serving any important purpose to enter into a re-argument of the question or a recitation of the authorities, so often gone over before, and which are now understood so well.

Suffice it to say, that the few exceptions which were taken to the action of the court below are not good and the judgment seeming manifestly to be for the right party, is affirmed. All concur.