42 401
139 m 302

DAVID SHIPLEY, Respondent, v. THE CITY OF BOLIVAR, Appellant.

### Kansas City Court of Appeals, December 1, 1890.

**Municipal Corporation:** NEGLIGENCE : NOTICE OF DEFECTIVE SIDE-WALK : INSTRUCTION. *An instruction set out in the opinion declaring that the defendant city's knowledge of the defect in its sidewalk could be inferred from the fact of its officers frequently passing over said walk in its defective condition, or from the defects existing for a considerable length of time, is, when taken in connection with other instructions, not subject to criticism.*

*Appeal from the Polk Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*C. H. Skinker* and *C. W. Hamlin,* for appellant.

The defendant was only required to keep its sidewalks in a reasonably safe condition for the travel of persons in the usual mode ; and, to fix any liability upon defendant for any injury caused to plaintiff by reason of a defective sidewalk, it must be shown that the defendant had either actual notice of such defect, or that such defect had existed for such a length of time, and was of such an obvious and notorious character, that the defendant city might by the exercise of reasonable care and diligence have known of same. *Carrington v. City of St. Louis,* 89 Mo. 208 ; *Bonine v. City of Richmond,* 75 Mo. 137; *Salmon v. City of Trenton,* 21 Mo. App. 182 ; *Yocum v. City of Trenton,* 20 Mo. App. 489. It can be seen at a glance that the court told the jury if they should find that either of the two propositions were true, viz.: *First.* That any of the officers of defendant frequently passed over said

sidewalk, or, *second*, that said defect had existed for a considerable length of time, notice would be presumed from the finding of either of the above propositions, and the verdict should be for plaintiff. While in this case the evidence is undisputed that the mayor did repeatedly pass over the sidewalk, the inevitable result was the jury found for the plaintiff on the first proposition. These propositions entirely ignore the fact that the defect must have been of such an obvious and notorious character that the defendant could by the exercise of reasonable diligence have discovered the same.

*J. B. Upton*, for respondent.

In their argument counsel for appellant abandon their second alleged error, and complain only of the second instruction given for respondent. This instruction is based upon the evidence, and is fully sustained by an unbroken line of authorities in this state and elsewhere, including every case cited by appellant. *Yocum v. Trenton*, 20 Mo. App. 489 ; *Salmon v. Trenton*, 21 Mo. App. 182 ; *Blake v. St. Louis*, 40 Mo. 569 ; *Market v. St. Louis*, 56 Mo. 189 ; *Russell v. Columbia*, 74 Mo. 480 ; *Bonine v. Richmond*, 75 Mo. 437 ; *Carrington v. St. Louis*, 89 Mo. 208 ; *Squires v. Chillicothe*, 89 Mo. 226 ; *Mayor v. Sheffield*, 4 Wall. 194 ; 2 Dill. Mun. Cor. [3 Ed.] sec. 1024, *et seq. ;* Wharton on Neg., sec. 863 ; Shearman & Redfield on Neg., secs. 148-9.

ELLISON, J.—Plaintiff sued the defendant city for injuries alleged to have been received on account of a defective sidewalk. The jury returned a verdict for the plaintiff and defendant appeals. On all the material issues there was evidence sufficient to justify the court in submitting the cause to the jury, and with the jury the responsibility for the verdict must rest.

Complaint is, however, made as to the following instruction given for plaintiff, viz. :

"2.　It is not necessary that plaintiff should prove that the city or any of its officers had notice of the defective condition of the sidewalk by positive testimony; it is sufficient if the circumstances in evidence showed by the exercise of reasonable diligence and attention to the condition of the sidewalk they would have discovered such defects; and if any of such officers frequently passed over such sidewalk while the same was in such defective condition, or, if such sidewalk remained in such defective condition for a considerable length of time, knowledge of such defects may be inferred from these facts."

When we consider this instruction in connection with the others, as should be done, it is not subject to criticism.　It is evident from the defense made at the trial that the defendant had not much confidence in the injury which plaintiff asserted he had suffered, but, as before intimated, this was a matter for the jury, and has been determined by them.　There is nothing we can discover in the cause that would justify us in reversing the judgment, and it is, therefore, affirmed.　All concur.