HIRAM HUNTER, Respondent, v. THE CITY OF MEXICO, Appellant.

### Kansas City Court of Appeals, April 4, 1892.

1. **Evidence:** ORDINANCE: INJURY ON SIDEWALK. In an action against a city for an injury on its sidewalk, it is error to admit in testimony an ordinance manifestly referring to holes, etc., on private property.

2. **Damages:** INSTRUCTION: PLEADING: EVIDENCE: REMITTITUR. The petition in an action for personal injury alleged that plaintiff had been compelled to spend $100 in endeavoring to be cured; there was no evidence of what he had paid his physicians, the instructions told the jury to allow plaintiff all the expenses incurred, whether yet paid or not, in and about the treatment of his case. *Held*, reversible error and the appellate court cannot cure it by *remittitur*.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Geo. Robertson*, for appellant.

(1) Permitting section 42, chapter 11, of the city ordinances to be read to the jury was error, because read with the next section 43, and showed conclusively

that it has no sort of application to holes in the sidewalks. And no ordinances were pleaded even in substance. *City of Kansas v. Johnson*, 78 Mo. 661. (2) Instruction, numbered 7, which told the jury in estimating the damages to take into consideration "the loss of time occasioned," and "all expenses incurred (whether yet paid or not) in and about the treatment of his case," is erroneous. *Duke v. Railroad*, 99 Mo. 347; *Murray v. Railroad*, 101 Mo. 236.

*Nat C. Dryden, Hiram Moore* and *T. J. Rowe*, for respondent.

(1) The verdict is for the right party. (2) The case was fully and fairly presented to the jury upon the evidence admitted and the instructions given. (3) The matters of which defendant complains are not such, even if erroneous, as would materially affect the merits.

ELLISON, J.—Plaintiff received serious personal injury on one of defendant's sidewalks on account of defects therein. He obtained judgment below, which we are asked to reverse on account of errors at the trial.

I. A great many objections to testimony were made by defendant which were overruled. It will not be necessary to notice all of these. Sections 42 and 43 of the city ordinances were improperly admitted. They manifestly refer to holes or other dangerous places on private property. They have no reference to the sidewalks or streets of the city.

II. The petition charged that plaintiff was "compelled to spend the sum of $100 in endeavoring to be cured of his said injuries." The testimony disclosed that he was attended by several physicians and surgeons, but there was no evidence of what he paid them, or was to pay them, or as to what their services were

worth. In this condition of the case the court instructed the jury to allow plaintiff "all expenses incurred whether yet paid or not, in and about the treatment of his case." This was error. We decided this precise question in *Rhodes v. Nevada*, 47 Mo. App. 499. Our attention is now called to the case of *Smith v. Railroad*, lately decided by the supreme court in which the same view is taken. The suggestion may occur that we could order a *remittitur* for the medical attention, but it will be noticed that, while the petition claims $100, the instruction places no limit on the amount which the jury might allow for such service.

The judgment must, therefore, be reversed and the cause remanded. All concur.