JAMES K. LANGFORD, Appellant, v. THE CITY OF DONIPHAN, Respondent.

St. Louis Court of Appeals, February 14, 1893.

Justices' Courts: PLEADING. A demurrer is not a proper pleading in a suit instituted before a justice of the peace. When one is filed, it may, however, be treated as a motion to dismiss, if it is properly preserved by bill of exceptions.

*Appeal from the Ripley Circuit Court.*—HON. W. H. RIGHTER, Judge.

REVERSED AND REMANDED.

*C. D. Yancey*, for appellant.

*Thomas Mabrey*, for respondent.

BIGGS, J.—This action originated before a justice of the peace. It is based on the following account filed before the justice:

DONIPHAN, Mo., February 1, 1892.

*The City of Doniphan (successor to the Village of Doniphan), to James K. Langford, Dr.*

To services as village clerk of the village of Doniphan, April 2, 1889, to May 2, 1890, at $2.50 per month—thirteen months....$32 50

It appears by the transcript that the justice sustained a motion to dismiss the cause for the reason that another suit for the same cause of action against the village of Doniphan was then pending in his court. The plaintiff appealed. When the cause reached the circuit court, the defendant filed what its counsel and the court denominate a demurrer. The court sustained

the demurrer and dismissed the suit. The plaintiff has again appealed.

We decided in the case of *Kane v. Dauernheim*, 51 Mo. App. 635, that there was no such thing known to the law as a demurrer to a complaint filed before a justice of the peace. The proper pleading would be a motion to dismiss, or to strike out. However, in the case before us the so-called demurrer was made a part of the record by the bill of exceptions, which authorizes us to treat it as a motion to dismiss. The grounds of dismissal were that it did not affirmatively appear that the account had been audited by the city officials, or that there was money in the city treasury for its payment, or that it had ever been presented for payment. It was also averred in the motion that at the time this suit was instituted the plaintiff had a like action pending before the same justice, between the same parties, and in which the subject-matter was the same. This motion was heard and sustained by the court without the introduction of evidence.

In order to maintain the action, it was not necessary to aver that the city authorities had refused to audit the account, or that there was money in the city treasury which was subject to its payment. Hence, the motion stated no reason why the suit should be dismissed, unless there was in fact a like suit pending before some other court in this state, having jurisdiction of the person and subject-matter. This was a question of fact which the court could not assume in the absence of proof or a direct admission. The recital in the transcript that the justice dismissed the action for that reason proves nothing.

It necessarily follows that the judgment of the circuit court must be reversed, and the cause remanded. All the judges concurring, it is so ordered.