KANSAS CITY v. NEAL *et al., Plaintiffs in Error.*

Division Two, May 24, 1894.

1. **Supreme Court Jurisdiction:** CITY ORDINANCE. The supreme court has no jurisdiction of an appeal from a conviction of a violation of a city ordinance where the fine imposed is less than $2,500.

2. ————: POLITICAL SUBDIVISION: CONSTITUTION. The city of Kansas is not a political subdivision of the state within the meaning of the constitution, article 6, section 12, and amendment of 1884 sections 4 and 5 giving the supreme court exclusive appellate jurisdiction where a political subdivison is a party.

*Appeal from Jackson Circuit Court.*—HON. H. P. WHITE, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Frank Titus* for plaintiffs in error.

(1) The information upon which the final judgment complained of is based is not sufficient to uphold such judgment. *Jefferson City v. Courtmire*, 9 Mo. 692; *Mayor, etc., v. Hussey*, 21 Ga. 80; *Town, etc., v. Hammond*, 76 N. C. 33; *City v. Kellar*, 18 Iowa, 65; *State v. Langston*, 88 N. C. 692. (2) The special finding of the facts in this case by the court below, clearly shows that no offense or forbidden act of any kind was proved to have been committed by defendant Neal in Kansas City. (3) The judgment of the court below against plaintiff in error, Stevens, wherein it is ordered, after finding the sole defendant Neal guilty, that Kansas City have and recover from said defendant "as well as E. A. Stevens, surety herein, the sum of $500" is and should be declared invalid. (4) The

judgment of the police judge was void and the so-called recognizance in question taken before him was also void. The constitution declares that, except as in the constitution otherwise provided, the judical power shall be vested in the supreme court, courts of appeal, circuit courts, criminal courts, probate courts, county courts and muncipal corporation courts. Article 6, sec. 1. The legislative power of the state, composed as provided for in the constitution is the only competent authority to create courts with the jurisdiction claimed by the police court of Kansas City. *Ruggells v. Collier*, 43 Mo. 353; *Davis v. Los Angeles*, 86 Cal. 37. (5) Plaintiffs in error are entitled to have this entire case reviewed by reason of the constitutional questions involved. *State v. Kingsley*, 18 S. W. Rep. (Mo.) 994; *State ex rel. v. Francis*, 95 Mo. 44; *Nolan v. Jones*, 108 Mo. 431.

*J. W. Fraher, C. E. Pratt* and *F. F. Rozzelle* for defendant in error.

BURGESS J.—Defendant Neal was convicted in the criminal court of Jackson county, on appeal from the police court, on complaint filed, for the violation of an ordinance of the city. The fine imposed for which judgment was rendered against her and her codefendant, who was surety on her appeal bond, was $500. While the record shows that a motion for a new trial was filed by Neal, the motion has not been copied into the record. No motion was filed by her in arrest in the court below, nor did she preserve the proceedings at the trial by bill of exceptions.

On November 24, 1890, Stephens filed his motion to set aside the judgment against him, and also to quash the execution which had been issued thereon, for numerous causes assigned therein, which motions

were overruled, and he saved his exceptions, as appears from the bill filed. The defendants, on the seventh day of April, 1892, sued out their writ of error and brought the case to this court.

The first question to be determined by this court is as to whether or not it has jurisdiction of the case. It is quite plain that it has not, as the amount involved is less than $2,500 (section 12, article 6, constitution and amendment of 1884, sections 4 and 5) unless the prosecution is for a felony, or Kansas City is a political subdivision of the state within the meaning of section 12, article 6, state constitution, as contended by counsel for defendants.

In *Ex Parte Hollwedell*, 74 Mo. 395, it is held that the violation of a city ordinance is not a criminal offence within the meaning of the constitution, and that a proceeding by a city to recover a fine for the violation of such ordinance need not be by indictment or information in the name of the state.

The proceeding by the city against the defendant Neal for a violation of its ordinances was but a civil suit in form and *quasi* criminal in its character for the collection of a fine for the violation of its laws enacted for the better promotion of peace and good order within its limits. *City of Kansas v. Clark*, 68 Mo. 588; *City of St. Louis v. Vert*, 84 Mo. 204.

That Kansas City is not a political subdivision of the state, within the meaning of the constitution is equally clear. Subdivision means to divide into smaller parts the same thing or subject-matter, and no city or town in this state is a subdivision thereof except the city of St. Louis, and it became so under sections 20, 22 and 23, article 9, state constitution, and by an act of the legislature in pursuance thereof setting off certain defined boundaries defining the city limits, and conferring upon the city all the rights and privi-

leges possessed by a county. Voters in all other cities and towns, act in common with the voters of the county or counties in which they may be loctated in electing county and state officials and do not simply, because of their incorporation, become subdivisions of the state. Kansas City is within Jackson county and is not a subdivision thereof or of the state.

An order will, therefore, be made transferring the cause to the Kansas City court of appeals, and that the clerk of this court transmit the record with a copy of this order of transfer, to the clerk of that court. All of this division concur.