KANSAS CITY v. ZAHNER, *Appellant.*

Division Two, April 3, 1897.

**Appellate Jurisdiction: KANSAS CITY: CITY ORDINANCE.** An appeal
from a conviction for a violation of a city ordinance of Kansas City
is a civil case, and the Supreme Court has no jurisdiction on appeal
where the amount involved is under $2,500 and no constitutional or
federal question is raised.

*Appeal from Jackson Criminal Court.*—HON. JNO. W
WOFFORD, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*T. B. Buckner, L. F. Bird,* and *Rush C. Lake* for
appellant.

*C. E. Burnham* for respondent.

GANTT, P. J.—On September 1, A. D. 1894, the
following information was filed against the defendant,
John Zahner, in the police court of Kansas City, Mis-
souri, to wit:

"On information, Charles E. Burnham, city attor-
ney, within and for the city of Kansas City, County of
Jackson, State of Missouri, complains that on or about
the 31st day of August, A. D. 1894, one John Zahner,
within the corporate limits of said city of Kansas City,
did then and there unlawfully sell and was concerned
in the said sale of certain policy tickets, in a certain
policy game and device in the nature of a policy game
and known and designated as a policy game, all in
violation of an ordinance of said city entitled, 'An
ordinance relating to the sale, exposing to sale or ad-
vertising for sale, or any way participating in the sale

of policy or lottery tickets,' No. 5852 and approved June 5th, 1894.''

And said defendant was arrested under said information and upon a trial had oh the third day of September, A. D. 1894, in said police court of Kansas City, Missouri, said defendant was found guilty and fined $100 and costs. And on the same day the said defendant by due proceedings therefor, and upon giving proper bond for appeal, appealed said cause to the criminal court of Jackson county, Missouri. In that court he was again tried and convicted and fined $20, from which he has appealed to this court.

Neither the defendant nor the city of Kansas have made any objection to this court assuming jurisdiction of this appeal but the question presents itself at the threshold of our investigation of the case.

The appeal is from a conviction for a violation of a city ordinance only and is not a criminal case. Being a civil case and the judgment appealed from only $20, it is clear that the amount being under $2,500 we have no jurisdiction on that ground. *Kansas City v. Neal*, 122 Mo. 232.

As Kansas City is not a political subdivision of the State the parties to the suit do not give us jurisdiction on that ground. *Kansas City v. Neal, supra.*

Looking further at the motion to quash and the grounds of the demurrer to the evidence we find defendant raised no constitutional or federal question, so that this court has no jurisdiction of this appeal under any clause of the Constitution. It is therefore ordered transferred to the Kansas City Court of Appeals.

SHERWOOD and BURGESS, JJ., concur.