Parker v. Zeisler.

PARKER v. ZEISLER, *Collector, et al., Appellants.*

In Banc, May 25,·1897.

1.· **Constitution**: APPELLATE JURISDICTION: POLITICAL SUBDIVISION OF STATE.  A city within a county is not a "political subdivision of the State" within the meaning of the constitutional language defining the jurisdiction of the Supreme Court.

2. ———: ———: ———: CONSENT OF PARTIES.  Consent can not confer jurisdiction of the subject-matter of an appeal any more than of a cause in its earlier stages.  It is the duty of the Supreme Court to ascertain, and keep within the limits of its jurisdiction, whether the interested parties so request or not.

3. ———: ———: ———: STARE DECISIS.  The Supreme Court and both the courts of appeals having for many years followed a certain ruling as to the division of jurisdiction between the courts, the Supreme Court adheres to that ruling, following the maxim *stare decisis.*

*Appeal from St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*T. F. McDearmon* for appellants.

*C. W. Wilson* for respondent.

BARCLAY, C. J.—This is a suit to enjoin the collection of certain taxes imposed on property of plaintiff by the city of St. Charles. The plaintiff's contention is that said property is not subject to the taxes. The suit raises the question of the validity of an extension of the limits of that city. Plaintiff's residence is within the new limits, but without the old. The defendants are Mr. Zeisler, collector of St. Charles, and the city itself. The trial court entered a decree for plaintiff. Defendants appealed to this court. The only reason assigned for taking the appeal to the Supreme Court, instead of the court of appeals, is that the city of St. Charles is a party to the suit. The claim is that that city is a "political subdivision of the State." No construction of any revenue law is involved. The chief point in the case is whether or not the alleged election to extend the city limits was legal and effective to produce the desired result. Some minor points are raised, but no claim is made that any of them would bring the case to the Supreme Court. The amount of taxes sought to be enjoined is about $700.

Counsel for both parties have temporarily left the field of their controversy to unite in a very interesting and able argument to maintain the jurisdiction of this court over the cause.

1. Consent, however, can not properly be held to confer jurisdiction of the subject-matter of an appeal any more than of a cause in its earlier stages. So we are in duty bound to inquire into, and to keep within, the proper limits of our jurisdiction, irrespective of the wishes of the parties interested or of their learned counsel. *Hoes v. Electric Co.* (1896) 150 N. Y. 87 (44 N. E. Rep. 963).

2. The city of St. Charles is a city of the third class, governed by the general charter applicable to cities of that class. It is within the county of St. Charles. Such a city has been expressly declared by the second division of this court not to be a political subdivision of the State within the meaning of the organic law defining the jurisdiction of the Supreme Court. *Kansas City v. Neal* (1894) 122 Mo. 232 (26 S. W. Rep. 695). And that ruling has been cited by the first division on at least two occasions. *Northcutt v. Eager* (1896) 132 Mo. 265 (33 S. W. Rep. 1125); *St. Charles v. Hackman* (1896) 133 Mo. 634 (34 S. W. Rep. 878). But counsel now ask the court *in banc* to review the *Neal* case, and to overrule it as erroneous. They point out the following sections of the Constitution as tending to sustain their contention that cities are political subdivisions of the State within the intent of that instrument, viz.: Art. 4, secs. 47 and 51; art. 9, secs. 6, 18, and 19; art. 10, secs. 9, 10, and 12. Another section besides those above cited might be mentioned, viz.: the second section of the *"Schedule"* which refers "to this State, or to any subdivision thereof, or any municipality therein."

It is insisted by counsel that cities wield vast political power, and that they are also subdivisions of the State. A strong argument is submitted on that question, but it does not seem to us convincing; and at this time it would have to be unanswerable to warrant us in opening up the question anew for decision.

We are most positively of the opinion that it is our duty to adhere to the rulings announced heretofore, holding that a city within a county is not a political subdivision of the State (as that term is used in the section of the Constitution under review). The question is really an old one. It arose on the establishment of the St. Louis Court of Appeals in 1876, when

the Constitution ordained that all cases pending in the Supreme Court at St. Louis, which came within the final appellate jurisdiction of the court of appeals should be transferred to that court. Const. 1875, art. 6, sec. 19. Several causes were at that time so transferred by the Supreme Court in which cities were parties, thus indicating that this court, as then constituted, did not regard a city as a political subdivision, in the sense intended by the definition of the court's jurisdiction. Some of the cases then transferred are these: *St. Louis v. Kaime* (1876) 2 Mo. App. 66; *St. Louis v. Edgar* (1876) 2 Mo. App. 595; *Walser v. St. Louis* (1876) 2 Mo. App. 600.

*Fulweiler v. St. Louis* (1876) 61 Mo. 479, at first glance appears an exception to the ruling, but is not an exception when it is understood that the claim of plaintiff therein was for $10,000 damages. The Supreme Court had jurisdiction of defendant's appeal because of the amount involved, in the circumstances described in the report. Until the city of St. Louis became separated from the county (in the latter part of 1876) it was no more a political subdivision than any other city in a county.

In 1884 the constitutional amendment establishing the Kansas City Court of Appeals was adopted. By its terms a similar transfer of cases falling within the final jurisdiction of that court occurred. (R. S. 1889, p. 88, sec. 7.) The transfers then ordered show beyond question that the Supreme Court entertained the same view held in 1876 touching the topic of our present discussion. We cite but a few of many cases of such transfer. *Bragg v. Moberly* (1885) 17 Mo. App. 221; *Dolan v. Moberly* (1885) 17 Mo. App. 436; *Hedges v. Kansas City* (1885) 18 Mo. App. 62; *Wright v. Kansas City* (1885) 18 Mo. App. 436; *Norton v.*

*Moberly* (1885) 18 Mo. App. 457; *Sinclair v. Bolivar* (1885) 19 Mo. App. 37.

The Supreme Court evidently regarded the provision for transfer (in section 7 of the amendment of 1884) as inapplicable to cases already in the Supreme Court and coming from the then enlarged district of the St. Louis Court of Appeals, and not within reach of the law of 1885. R. S. 1889, sec. 3300. Hence we find a few reported city cases in the Supreme Court from the eastern appellate district which were submitted after the amendment of 1884 took effect. *Eubank v. Edina* (1886) 88 Mo. 650 (verdict for $600; record filed in Supreme Court, March 4, 1884; submitted, April 23, 1886; opinion, May 27, 1886); *Brown v. Cape Girardeau* (1886) 90 Mo. 377 (claim on two counts for $500 each; record filed here, September 27, 1884; submitted, October 27, 1886; opinion, December 20, 1886).

There were also some city cases retained in the Supreme Court at that time on other grounds; and one or two such cases seem to have been inadvertently allowed to remain here—or at least the reports do not show the ground on which jurisdiction over them was asserted.

The large number of city cases transferred from the Supreme Court on the occasions mentioned, and since then at various times, gave clear direction to the courts of appeals touching the status of cities as "political subdivisions" for jurisdictional purposes. Both the courts of appeals have followed the rulings implied by the transfers aforesaid, in instances too numerous to be conveniently cited here. We mention only a few types of such cases: *Linneus v. Dusky* (1885) 19 Mo. App. 20; *Martinowsky v. Hannibal* (1889) 35 Mo. App. 70; *Shipley v. Bolivar* (1890) 42 Mo. App. 401; *Platts-*

*burg v. Riley* (1890) 42 Mo. App. 18; *Rhodes v. Nevada* (1892) 47 Mo. App. 499; *Hunter v. Mexico* (1892) 49 Mo. App. 17; *Langford v. Doniphan* (1893) 53 Mo. App. 62; *Munger v. Sedalia* (1896) 66 Mo. App. 628.

So much has been judicially done on the faith of the former rulings of this court on the subject in hand that we think this occasion an entirely proper one for the application of the maxim, let the decisions stand. We are content to abide by the precedents on this question.

It follows that the case at bar is not within the appellate jurisdiction of the Supreme Court. It is therefore transferred to the St. Louis Court of Appeals for further proceedings. GANTT, MACFARLANE, SHERWOOD, BURGESS, ROBINSON and BRACE, JJ., concur.