## CITY OF TARKIO, Appellant, v. LOYD.

Division One, February 10, 1904.

1. **Appellate Jurisdiction:** CITIES OF FOURTH CLASS: COMPLAINTS. A city of the fourth class is not a political subdivision of the State within the meaning of the constitutional provision giving the Supreme Court jurisdiction of appeals in causes wherein a political subdivision of the State is a party. Where a complaint filed by such city has been dismissed in the circuit court, the appeal can not be sent to the Supreme Court on that ground.

2. ————: CONSTITUTIONAL QUESTION. If the protection of the Constitution was not invoked by or denied to appellant in the trial court, and it does not appear from the record that a constitutional construction was necessary to the determining of the

cause, the Supreme Court has no jurisdiction of the appeal on the ground that a construction of the Constitution was involved.

3. ———: ———: ORDINANCES: JUDICIAL NOTICE: EVIDENCE. Courts of general jurisdiction will not take judicial notice of city ordinances, and an unauthenticated slip of paper purporting to be a copy of one section of an ordinance of the city, found among the papers filed by the police judge with the circuit clerk in an appeal from a judgment founded on a complaint charging a violation of a city ordinance, in which the ordinance was not set out, is no evidence upon which to predicate judicial action. Nor does it furnish any basis for holding that a dismissal of the complaint was based on the ground that "the ordinance is void," and hence it can not be said that a general order of dismissal without explanation, in response to a motion assigning ten grounds, of which that was one, involved a construction of the Constitution.

Appeal from Atchison Circuit Court.—*Hon. Gallatin Craig*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*W. R. Littell* for appellant.

(1) The court erred in sustaining defendant's motion to dismiss for the reason that the ordinance upon which suit was brought was a valid ordinance, notwithstanding the exception contained therein. City of Lamar v. Weidman, 57 Mo. App. 507; R. S. 1899, sec. 5978; City of Aurora v. McGannon, 138 Mo. 38. (2) The court erred in sustaining defendant's motion to dismiss for the reason that if the exception contained in said ordinance and complained of by defendant was held bad, it did not destroy the validity of the remainder of the ordinance, which was undoubtedly good and sufficient to sustain a conviction upon the charge for which defendant was arrested. The ordinance was complete in itself without the exception clause, and was valid and capable of being enforced without such clause, and therefore constitutional, and the court erred in not so finding and holding. Railroad v. Brick Co., 85 Mo. 307; R. S.

1899, secs. 5978, 5958; St. Louis v. Railroad, 14 Mo. App. 221; Water Co. v. Neosho, 136 Mo. 511; Verden v. St. Louis, 131 Mo. 137; Tarkio v. Cook, 120 Mo. 7; St. Louis v. Railroad, 89 Mo. 44.

*James Moran* for respondent.

BRACE, P. J.—The defendant was tried, found guilty and fined twenty-five dollars in the police court of the city of Tarkio on the following complaint:

### COMPLAINT.

State of Missouri, County of Atchison, City of Tarkio, ss.

In the Police Court, of Tarkio, Missouri, before Thomas Weir, Police Judge, April 24, 1901.

The City of Tarkio, Plaintiff,

    against

W. R. Loyd, Defendant.

W. R. Loyd, defendant to city of Tarkio, Mo., debtor.

To the violation of the city ordinance requiring persons engaged in soliciting orders from house to house for the future delivery of goods, wares or merchandise without a city license, one hundred dollars. In this, to-wit: that the said W. R. Loyd, on or about the 22nd day of April, 1901, at the city of Tarkio, and within the corporate limits thereof, did then and there unlawfully engage in the business of soliciting orders, from house to house, for the future delivery of goods, wares, merchandise, without first obtaining a city license. All of which is contrary to said ordinance in such cases made and provided, and against the peace and dignity of the said city of Tarkio.

                                        F. M. MEEK.

F. M. Meek makes oath and says that the facts and allegations contained in the foregoing complaint are true as therein stated.

Subscribed and sworn to before me this 24th day of April, 1901.

                      THOMAS WEIR, Police Judge.

Thereupon the defendant filed his affidavit for appeal to the circuit court of Atchison county, and a letter as follows:

                        Tarkio, Mo., April 29, 1901.

Thomas Weir, Tarkio, Mo.

Dear Sir:—Mr. C. F. Enright of the Mo. Valley Trust Co., St. Joseph, Mo., writes me he will arrange for a bond for $300 for one W. R. Loyd and I write this to say that I will stand good for said

Loyd until you get a bond for the amount of $300, I will stand good for his appearance to the extent of $300 until you have a good bond for that amount.

R. M. STEVENSON.

And the appeal was granted. Afterwards there was filed in the office of the clerk of said court a copy of the entries on the police judge's docket, with the affidavit for appeal, the complaint and letter aforesaid, and a paper purporting to be a copy of a section of an ordinance as follows:

Copy of Section No. 142A,
Of
The ordinance of the City of Tarkio.

Sec. 142A. Whosoever shall go from place to place for the purpose of soliciting or taking orders for the future sale or delivery of any goods, wares or merchandise, except books, charts, maps, and stationery, is hereby declared to be a mercantile agent. Provided that this ordinance shall not apply to owners or other persons who shall sell, solicit or take orders for the future delivery in wholesale lots to retail dealers, of any goods, wares or merchandise.

Afterwards in the circuit court the plaintiff filed a motion to dismiss the appeal on the ground that the defendant had failed to file an appeal bond as required by law, and the defendant filed a motion to dismiss the case, which, omitting caption, is as follows:

Now at this day comes the above named defendant and moves the court to dismiss the above entitled action and discharge the defendant, and for reasons therefor assign unto the court the following causes:

1. Because, the ordinance pleaded is void, in this, that it attempts to discriminate between different kinds of business.

2. Because, the information does not state facts sufficient to constitute a cause of action.

3. Because, the information is defective, in this, it fails to call defendant's attention to any laws or ordinance that he has violated.

4. Because, the information is vague, indefinite and uncertain, and no where apprises the defendant of the laws or ordinances that he has violated, that renders him liable to plaintiff in the sum of one hundred dollars or in any other sum.

5. Because, the information does not inform the defendant of the nature or cause of the action or accusation against him.

6. Because, the information does not charge the defendant with the commission of any offense known to the law, or with the doing of any act or acts, that can or could be declared illegal by ordinance.

7. Because, the information does not negative the fact, that the defendant was not the owner of the goods, wares and merchandise for which he was soliciting orders. Nor does it negative the fact that he was not a wholesale dealer, nor that the goods, wares and merchandise, were not books, charts, maps and stationery, and nowhere apprises the defendant of the nature or character of his alleged offense, and renders it impossible for him to prepare a defense to same.

8. Because, the information fails to designate the section or sections, chapter or chapters of ordinances violated.

9. Because, the information was not sworn to as required by law.

10. Because, upon the face of the record, this court is without jurisdiction.

Afterwards on the third of June, 1901, defendant filed an appeal bond, and on the same day these motions coming on to be heard, without any evidence being introduced, the court overruled plaintiff's motion to dismiss the appeal, and sustained the defendant's motion to dismiss the case, without stating the ground upon which the motion to dismiss was sustained, and discharged the defendant.

Afterwards the plaintiff filed a motion to set aside the order sustaining the motion to dismiss the case, assuming therein that the motion to dismiss was sustained on the first ground therein stated, and the motion to set aside having been overruled, plaintiff appealed, and the case was sent to this court. The jurisdiction of this court to determine the case does not appear upon the record.

The plaintiff is a city of the fourth class, but is not a political subdivision of the State, and this court has no jurisdiction on that ground. [Kansas City v. Neal, 122 Mo. 232; St. Charles v. Hackman, 133 Mo. 634; Kansas City v. Zahner, 138 Mo. 453; Parker v. Zeisler, 139 Mo.

298; Water Co. v. Webb City, 143 Mo. 493; City of Hannibal v. Bowman, 167 Mo. 535.]

The protection of the Constitution was not invoked, nor denied the plaintiff, in the trial court, nor does it appear from the record that a constitutional construction was essential to the determination of the case, and this court has no jurisdiction on that ground. [State ex rel. v. Smith, 176 Mo. 44, where all the cases to date are cited.]

For aught that appears in the record the case may have been decided upon some other than the first of the ten grounds contained in the defendant's motion to dismiss. It is not seen how it could well have been decided on that ground as there was no ordinance cited or set out in the complaint, no ordinance offered or given in evidence, and no ordinance having been either pleaded or proven there was no ordinance before the court that could have been declared void, for it is well-settled law in this State that courts of general jurisdiction will not take judicial notice of city ordinances. [City of St. Louis v. Roche, 128 Mo. 541, and cases cited.]

The unauthenticated slip of paper purporting to be a copy of one section of an ordinance of the city, found among the papers filed by the police judge, was no evidence upon which to predicate judicial action, and could not furnish a basis for judicial constitutional construction.

As there are no other grounds than those suggested upon which the jurisdiction of this court could possibly be founded, the case should be transferred to the Kansas City Court of Appeals, and it is accordingly so ordered.

All concur.