**CITY OF FREDERICKTOWN (Plaintiff),**
**Respondent,**

v.

**W. G. HUNTER (Defendant), Appellant.**

No. 29036.

St. Louis Court of Appeals.

Missouri.

Dec. 21, 1954.

Robert A. McIlrath, Flat River, for appellant.

Melvin Englehart, Fredericktown, for respondent.

ARONSON, Special Judge.

In this prosecution for the violation of a city ordinance instituted in the Police Court of the City of Fredericktown, defendant was fined $5 and costs. On appeal to the Circuit Court of Madison County, after a plenary de novo trial, he was found guilty by the jury and his punishment assessed at a fine of $1 and costs. Apparently believing that some grave matter of "principle" is involved, he has taken an appeal to this court.

The ordinance, for the violation of which this cause was begun, is Sec. 29, of Ch. VII, of the Revised Ordinances of respondent City, which reads as follows:

"Every resident owner, operator or person having control of every auto-

mobile run by gasoline, oil or electric power, shall pay as an annual license on every car the sum of $3.00. Such license shall expire on the 31st day of January of each year."

Evidently this ordinance was enacted pursuant to Section 301.340 RSMo 1949, V.A.M.S., paragraph 1 of which (being the only paragraph pertinent here) provides:

"Municipalities, by ordinance, may levy and collect license taxes from the owners of and dealers in motor vehicles and trailers, residing in such municipalities, and require the display of license plates or stickers, except that plates or stickers shall not be required in cities having a population of more than seventy-five thousand but such license taxes shall not exceed the amount authorized therefor by the municipalities during the year 1933, exclusive of any drivers' license fees, including the cost of plate or stickers and notarial fee."

The first assignment of error complains of the overruling of defendant's motion for directed verdict. Defendant offered no evidence.

Plaintiff City presented evidence that defendant was a resident of said City for years, although his business as a dealer in automobiles was outside its corporate limits; that on June 1, 1953, and on many other occasions he was seen by the City Marshal and another witness driving a gray Oldsmobile automobile and certain others; and that the same car was at his home when the Marshal called on him there. The car bore a state dealer's license, but defendant never purchased a City license, and the car had no city sticker.

■ The ordinance section quoted above was the sole and only ordinance offered in evidence. To state the matter otherwise, there was no proof of any ordinance making it an offense, and subjecting one to the penalty of a fine, if a person failed to pay the city license fee. We cannot take judicial notice that there are other sections of the ordinance, nor could the Circuit Court. City of Tarkio v. Loyd, 179 Mo. 600, 78 S.W. 797; City of St. Louis v. Pope, Mo.App., 129 S.W.2d 106; Kansas City v. McLendon, Mo.App., 197 S.W.2d 713. The quoted section establishes the license fee, but provides no penalty, by fine or otherwise, for failure to comply.

■ For lack of proof of any ordinance creating an offense, subject to fine, the case should not have been submitted to the jury and a verdict in favor of defendant should have been directed. By reason of this error, the judgment may not stand.

■ However, we should not reverse the case outright.

"Prosecutions for the recovery of a fine on account of the violation of a municipal ordinance are regarded as civil actions though they have certain quasi-criminal aspects. City of Gallatin v. Tarwater, 143 Mo. 40, 44 S.W. 750; City of Cape Girardeau v. Smith, Mo.App., 61 S.W.2d 231." City of St. Louis v. Pope, supra, 129 S.W.2d loc. cit. 107.

In civil actions especially, it is the rule that a case will not be reversed without remanding unless it is clear that all evidence has been fully presented and that no recovery could be had in any event. Smith v. St. Louis Public Service Company, Mo. App., 252 S.W.2d 83; Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401.

Since this case must be retried, we may observe that the above-quoted ordinance seems to be broader than the authorizing statute, supra. The statute makes no provisions for a license tax collectible from an "operator or person having control of" an automobile, as does the ordinance. Resident owners alone are mentioned in the enabling act. The proof in this case was sufficient to show that defendant was operator of and was in charge of a motor vehicle, but was not sufficient to show that he was the owner thereof. Possibly ownership can be proved.

We find no basis for defendant's belief, suggested in the transcript, that he was exempt from the license tax because he was an automobile dealer. However, if a city resident, dealer or not, used his vehicle exclusively outside the municipality, he would be exempt under paragraph 2 of Section 301.340 RSMo 1949, V.A.M.S.

The judgment is reversed; and to permit the plaintiff City to offer in evidence additional ordinances, establishing a finable offense, and to present proof of ownership of vehicle (without which there can be no liability on the part of defendant), the cause is remanded for a new trial.

ANDERSON, P. J., and BLAIR, Special Judge, concurs.