**The CITY OF ST. LOUIS (Plaintiff), Respondent,**

v.

**Donald VETTER (Defendant), Appellant.**

Nos. 29320–29322.

St. Louis Court of Appeals. Missouri.

July 3, 1956.

John J. Kelly, Jr., St. Louis, for appellant.

Samuel H. Liberman, City Counselor, City of St. Louis, William H. Freivogel, Asst. City Counselor, St. Louis, for respondent.

ANDERSON, Presiding Judge.

Defendant, Donald Vetter, was convicted in the St. Louis Court of Criminal Correction, Division No. 2, on three separate charges alleging violations of three City ordinances of the City of St. Louis. The cases reached the Court of Criminal Correction on appeal after convictions in the City Court. The cases were tried together; however, separate appeals were taken. The cases were consolidated for argument in this court. We will dispose of all three cases by this opinion.

In cause No. 29320 defendant was charged with operating a motor vehicle in a manner that was not careful and prudent, and at a rate of speed as to endanger the property of another, to wit, the parked trailer of Krey Packing Company. Said conduct was alleged to be in violation of Ordinance No. 44886, Chapter 69, § 35, Chapter 1, § 16, approved February 28, 1949. On this charge defendant was fined $100 and costs.

In cause No. 29321 defendant was charged with operating and driving an automobile on the streets of St. Louis while under the influence of alcohol. Said conduct was alleged to be in violation of Ordinance No. 44886, Chapter 69, Sections 38 and 24, approved February 28, 1949, as amended by Ordinance 45119, Sections 1 and 24, approved November 29, 1949. On this charge defendant was fined $150 and costs, and sentenced to ten days in the City Workhouse.

In cause No. 29322 it was charged that defendant, on the 7th day of April, 1954, and on divers other days and times prior thereto, being the owner or operator of a motor vehicle, did then and there fail to obtain a license thereon from the License Collector of said city, and pay to said License Collector the license fee therefor. Said failure was alleged to be in violation of Ordinance No. 44886, Chapter 42, Section 48, Chapter 1, Section 16, approved February 28, 1949. On this charge defendant was fined $2.00 and costs.

Appellant seeks a reversal of the judgments in causes numbered 29320 and 29321 on the ground that the ordinances under which he was prosecuted in said cases were repealed prior to the date the offenses were alleged to have been committed. There is no evidence in the record to show this fact. The repealing ordinance was not introduced in evidence, and we cannot take judicial notice of it. City of Fredericktown v. Hunter, Mo.App., 273 S.W.2d 732; City of Tarkio v. Loyd, 179 Mo. 600, 78 S.W. 797; City of St. Louis v. Pope, Mo.App., 129 S.W.2d 106. However, counsel for the city, at the oral argument in this court and in a stipulation subsequently filed, admitted that said ordinances were repealed prior to the date of the alleged offenses.

It has been held proper, where the interest of justice demands it, to consider on appeal matters dehors the record which have been conceded by both parties to be true, otherwise there would result a miscarriage of justice. 24 C.J.S., Criminal Law, § 1797, p. 612; Commonwealth v. Jester, 256 Pa. 441, 100 A. 993. Clearly this is such a case.

With the additional facts supplied by the admission made by counsel, it is

clear that the judgments in causes 29320 and 29321 cannot stand. On these facts, counsel for the respondent did, in open court, confess error. But at the time he made the above admission and confession of error he requested the court remand the two cases to the trial court so that the complaints might be amended to plead a violation of ordinances which were in effect on the date of the alleged offenses, which ordinances were enacted subsequent to the repeal of the ordinances under which defendant was charged.

In the act of the legislature creating the St. Louis Court of Criminal Correction it is provided that the proceedings of said court shall be governed by the laws regulating proceedings and practice in criminal cases, so far as same may be applicable. Section 479.180 RSMo 1949, V.A.M.S. A proper construction of this statute requires that we look to the law regulating the practice in criminal causes to determine when a complaint may be amended in the Court of Criminal Correction. By Section 24.02 of the Rules of Criminal Procedure, 42 V.A.M.S., adopted by the Supreme Court, it is provided that the court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged, and if substantial rights of the defendant are not prejudiced. Supreme Court Rule 24.02.

It is clear from an examination of the above mentioned rule that no amendment can be had in cases of this character where the amendment would charge a different offense from the one attempted to be charged in the original complaint. Likewise, an amendment should not be permitted where the original complaint fails to charge an offense. These considerations compel us to deny respondent's request that the cases be remanded in order that amended informations may be filed charging defendant under a subsequently enacted ordinance. Such an amendment would be a complete departure from the alleged causes of action attempted to be stated in the original complaints.

If we were satisfied from an examination of the record that there was reasonable ground to believe that the defendant could be convicted of offenses under the new ordinance, if properly charged, we could reverse the judgments and remand the causes with directions to the trial court to proceed under the provisions of Supreme Court Rule 27.23. State v. O'Connor, 58 Mo.App. 457; State v. Sayman, 61 Mo.App. 244. This would involve the filing of new informations. But we cannot, from the record before us, determine whether there is a reasonable probability that defendant could be convicted of offenses under the new ordinance. That ordinance is not before us. What its terms are and what periods of limitation are fixed by it are unknown to us. We cannot take judicial notice of such matters. On this state of the record, all we can do is to reverse the judgments outright.

In the appeal in cause numbered 29322 it is urged that there was no evidence to support the charge of operating a motor vehicle without a city license. This point is well taken. There was absolutely no evidence whatever introduced on this charge. The respondent's attorney has confessed error as to this charge.

The judgments appealed from in cases numbered 29320, 29321, and 29322 are reversed, and the defendant is discharged.

MATTHES, J., and ELMO B. HUNTER, Special Judge, concur.