State v. Schricker.

———————

The State, Respondent, v. Schricker, Appellant.

1. The twenty-fifth section of the fourth article of the act regulating practice in criminal cases, (R. C. 1855, p. 1176,) which prescribes that if a defendant be indicted by a wrong name, and he does not declare his true name before pleading, he shall be proceeded against by the name in the indictment; if he allege that another name is his true name, it must be entered on the minutes of the court, and after such entry the trial and all other proceedings shall be had against him by that name, referring also to that name by which he is indicted, &c.—is constitutional.

*Appeal from Moniteau Circuit Court.*

The defendant was indicted by the name of William Shucker. He appeared and pleaded that his name was William Schricker, and prayed to be discharged. The court, at the instance of the circuit attorney, entered the name of William Schricker on the minutes of the court and the trial proceeded against him according to the provisions of the twenty-fifth section of article four of the act regulating practice in criminal cases. He was convicted.

*Gardenhire*, for appellant.

I. The twenty-fifth section of the fourth article of the act concerning criminal practice is unconstitutional. The court erred in putting defendant upon his trial by virtue of its provisions. (See State v. Moore, Walker, 134; Ervine's Appeal, 16 Penn. State, 256; Campbell v. The State, 11 Geo. 353.) It is a violation of the fourteenth clause of the thirteenth article of the constitution of Missouri. If it be constitutional, it subjects every citizen of the state to be put upon his trial for any offence for which an indictment may

be pending in his county ; in fact for all of them, if the sheriff should serve writs upon all of them. A sheriff's service is substituted for an indictment.

*Knott*, (attorney general,) for the State.

I. The section called in question is constitutional. (7 Pet. 247 ; 8 Verm. 63 ; Ky. Code, p. 269, § 124, 172, 175, 279, 280 ; 2 R. C. Indiana, p. 374, § 99, 100 ; Texas Code, p. 96, 94, § 469 ; State v. Manning, 14 Texas, 405.)

SCOTT, Judge, delivered the opinion of the court.

The defendant was indicted for selling intoxicating liquors without license by the name of William Shucker. He pleaded the misnomer in abatement. Thereupon the court proceeded as directed in the twenty-fifth section of the fourth article of the act regulating criminal practice, which prescribes that, " if a defendant be indicted by a wrong name, unless he declare his true name before pleading, he shall be proceeded against by the name in the indictment. If he allege that another name is his true name, it must be entered on the minutes of the court ; and after such entry, the trial and all other proceedings on the indictment shall be had against him by that name, referring also to the name by which he is indicted, in the same manner in all respects, and with the same consequences, as if he had been indicted by his true name."

It was maintained for the defendant that the foregoing section is in conflict with the provision of the constitution of the United States and of this state, which protects persons from prosecutions for offences of a certain grade unless by way of indictment. The restrictions imposed by the amendments to the constitution of the United States operate on the powers of the general government alone. It has been settled that they do not restrain the powers of the state governments. (Barron v. City of Baltimore, 7 Peters, ——.)

But we can not see how the provision of the statute under

consideration conflicts with the right of individuals to be free from summary prosecutions for indictable offences. The law prosecutes the person of the offender, being satisfied that when the party really guilty is made to suffer there can be no great evil in misnaming him. The idea of the counsel is founded on a misconception of the nature of a plea of misnomer. It does not deny the identity of the person of the offender, but admits that he is the person indicted but by a wrong name. A plea denying the identity of the person would amount to the general issue. We can not see how the party would be affected unconstitutionally if the law had required the plea of misnomer to be disregarded. The taking away the benefit of a plea of misnomer does not increase the danger of unfounded prosecutions. An innocent person can defend himself under a plea of misnomer but temporarily. If he escapes from one indictment, he may be indicted again by his true name; so that if he is not guilty, the only defence is on the merits. This was so before the statute altered the common law.

Judgment affirmed; Judge Ewing not sitting.