THE STATE v. WILLIAM WEBSTER, Appellant.

Division Two, November 19, 1907.

1. **APPELLATE JURISDICTION: Misdemeanor: Former Jeopardy.** Where a defendant convicted of a misdemeanor filed a plea in bar raising the issue of former jeopardy and expressly raised and invoked the constitutional provision that "no citizen shall be twice put in jeopardy for the same offense," and that "no citizen shall be deprived of liberty or property without due process of law," his appeal is to the Supreme Court.

2. **INFORMATION: Official Oath.** The sufficiency, validity or force of an information founded upon the affidavit of a private citizen is not affected by the fact that the prosecuting attorney did not allege therein that it was made upon his oath of office.

3. ————: **Verification.** It is not essential that an information filed before a justice of the peace should be verified. Procedure in magistrates' courts is governed by section 2750, Revised Statutes 1899. Section 2477 is applicable only to informations filed in the circuit or criminal courts.

4. ———: ———: **Sufficient on Face.** An information filed by the prosecuting attorney "upon the affidavit of William Wingate with the justice herein," charging the defendant with disturbing the "peace of Lena Wingate and Charles Terry by loud and unusual noise," etc., etc., is valid on its face, even though the said William had no personal knowledge of said offense.

5. **JEOPARDY: What Is.** A defendant is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon an indictment or information sufficient in form and substance to sustain a conviction, before a jury charged with his deliverance, that is, impaneled and sworn. When the case has proceeded thus far, he is entitled to a verdict which shall constitue a bar to a new prosecution for the same offense; nor can he be deprived of this bar by a *nolle prosequi* entered against his will, or by a discharge of the jury and a continuance of the cause.

6. ———: **Information: Insufficient Affidavit: Demurrer.** Where an information was filed before a justice of the peace, charging defendant with disturbing the peace of Lena Wingate, upon the affidavit of William Wingate, and defendant was convicted and appealed to the circuit court, and there, after an unsuccessful motion to quash on the ground that William had no personal knowledge of any disturbance, a jury was impaneled and sworn and the State introduced its witnesses, and rested, and defendant offered a demurrer to the testimony and, it appearing that said William had no personal knowledge of the offense, the demurrer was sustained, the court cannot, against the objection and exception of defendant, go further and quash the information and order the jury discharged without rendering a verdict and defendant to be held for further prosecution, but the information being sufficient on its face, these things establish defendant's plea of former jeopardy when subsequently put upon his trial to answer an information of the prosecuting attorney based upon the affidavit of the said Lena and charging the same offense as did the first information. The sustaining of the demurrer, the quashing of the information and the discharging of the jury over the objections of defendant, must be treated as an acquittal.

7. ———: ———: **Demurrer: Erroneously Sustained.** Whether the action of the court in sustaining a demurrer to the testimony on the ground that the person who made the affidavit upon which the information was based had no personal knowledge of the offense, was correct or incorrect, will not be determined; for, the circuit court being one of competent jurisdiction and the information valid upon its face and the jury having been sworn and the trial begun, by sustaining the demurrer the court acted, and that act, under the circumstances, must be treated as an acquittal.

State v. Webster.

8. ————: Constitutional Right. A constitutional provision guaranteeing protection to the citizen will not be lightly viewed, even though its observance may in some instances result in a guilty person escaping merited punishment.

Appeal from Grundy Circuit Court.—*Hon. Geo. W. Wanamaker,* Judge.

REVERSED.

*Platt Hubbell* and *George Hubbell* for appellant.

(1) Whenever a person is put upon trial before a court of competent jurisdiction, upon a sufficient information, and a jury has been impaneled and sworn, the person is then in jeopardy. Ex parte Snyder, 29 Mo. App. 256; State v. Snyder, 98 Mo. 555; State ex rel. v. Williams, 117 Mo. App. 564; State v. Wiseback, 139 Mo. 214; Cooley on Const. Lim. (7 Ed.), 467. (2) When thus in jeopardy, the defendant becomes entitled to a verdict which shall constitute a bar to a new prosecution and he cannot be deprived of this bar by a discharge of the jury and continuance of the cause; and a jury unnecessarily discharged is equivalent to a verdict of not guilty. Ex parte Snyder, 29 Mo. App. 262; Cooley on Const. Lim. (7 Ed.), 467; State ex rel. v. Williams, 117 Mo. App. 564. The authorities on this subject are reviewed and collected in two recent volumes of the Central Law Journal. 60 Cent. Law Journal 184; 62 Cent. Law Journal 295; 17 Am. & Eng. Ency. of Law (2 Ed.), 595; Grafton v. U. S., 14 Sup. Ct. Rep. 749; 12 Cyc., 259; People v. Small, 82 Pac. 87. (3) When an information by a prosecuting attorney is based upon the affidavit of a private citizen, the sufficiency and validity of the information does not depend upon the sufficiency of the affidavit, nor the evidence in support of said affidavit. State v. Lee, 113 Mo. App. 203; State v. Brown, 181 Mo. 223; State v. Hart, 47 Mo. App. 654; State

v. Ostman, 100 S. W. 697. (4) The first information filed by the prosecuting attorney, and under which the defendant was first tried, sufficiently charged an offense. State v. Hocker, 68 Mo. App. 417; State v. Wilkson, 36 Mo. App. 373; State v. Fare, 39 Mo. App. 110; State v. Parker, 39 Mo. App. 116; State v. Fletchall, 31 Mo. App. 296; Kelley, Crim. Law (2 Ed.), p. 631. (5) The omission of the words "under his oath of office" does not invalidate the information, because all of the official acts of the prosecuting attorney are presumed to have the sanction of his official oath. State v. Fletchall, 31 Mo. App. 300; State v. Wilkson, 36 Mo. App. 377; State v. Parker, 39 Mo. App. 120; State v. Ransberger, 106 Mo. 145; State v. Pruett, 61 Mo. App. 159. (6) The person who swears to a complaint before a justice of the peace must have actual knowledge of the offense charged, and defendant is entitled to have the question of knowledge submitted to the jury by instructions. Sec. 2749, R. S. 1899; State v. Meadows, 106 Mo. App. 606; State v. Fuser, 75 Mo. App. 263; State v. White, 55 Mo. App. 356; State v. Shaw, 26 Mo. App. 383.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for the State.

The first information that was filed was not sworn to by the prosecuting attorney, neither was it sworn to by any witness, as required by the statute. It is insisted, therefore, by the State that said first information was not sufficient to give the justice of the peace jurisdiction to try the defendant, and that the circuit court of Grundy county did not acquire jurisdiction on appeal. The defendant recognized this fact in the first case, by the motion which he filed and by the action which he induced the trial court to take thereon. Such action by the defendant cannot be the ground of complaint in another prosecution instituted by the State.

206 Sup—36

State v. Manning, 168 Mo. 429; R. S. 1899, sec. 2477. "Consent to the action of the court in discharging a jury renders such action valid, even though there does not exist such imperious necessity as would otherwise justify it." 17 Am. and Eng. Ency. Law, 1261; People v. Higgins, 50 Cal. 358. Defendant having asked the court to discharge him, because of want of jurisdiction, and the court having properly found, in the first prosecution, that he did not have jurisdiction, the same is no plea in bar to the subsequent jurisdiction.

FOX, P. J.—This cause is brought to this court upon appeal by the defendant from a judgment of the circuit court of Grundy county convicting him of a misdemeanor, that of disturbing the peace of a person. The defendant in the trial court filed a plea in bar, which consisted of a recitation of a record, which defendant insists shows that he had formerly been put in jeopardy for the same alleged offense upon which this judgment is predicated, and he invokes the constitutional provision that "no citizen shall be twice put in jeopardy for the same offense, and that no person shall be deprived of liberty or property without due process of law," and it is under that state of the record by which this court has jurisdiction. This constitutional question having been expressly raised and invoked in the trial court, and the action of the trial court upon the plea in bar being the main question involved in this proceeding, it is appropriate to briefly state the facts relating to the basis of such plea.

In April, 1904, William Wingate, the father of Lena Wingate, filed an affidavit before a justice of the peace charging in said affidavit that defendant Webster did disturb the peace of his daughter, Lena Wingate, referring to the occasion of defendant's dispute with Terry. On this affidavit the prosecuting attorney filed his information charging that the defendant Webster, at said time, did disturb the peace of said Lena

Wingate. Afterwards, and in June, 1904, the defendant Webster was tried before the justice of the peace, found guilty and adjudged to pay a fine of one dollar for disturbing the peace of Lena Wingate. From that judgment of conviction the defendant appealed to the circuit court of Grundy county. In the circuit court the defendant first filed a motion to quash the information on the ground that William Wingate, on whose affidavit the information was based, had no personal knowledge of any disturbance of the peace or any other offense, and that he, therefore, was not a competent person on whose affidavit to base an information, and, although it was conceded that William Wingate had no such personal knowledge, the circuit court held the information sufficient in law. The prosecution thus begun before the justice of the peace was then tried *de novo* in the circuit court. A jury was empaneled and the State having introduced testimony in the cause and rested, defendant offered a demurrer to the testimony, and it appearing to the court that the prosecuting witness, William Wingate, upon whose affidavit the information was based, was not present at the time of the alleged offense and had no actual or personal knowledge of the offense, the demurrer was sustained and the information quashed, and the court dismissed the jury and ordered that the defendant be held for further prosecution, to all of which the defendant objected and insisted on his demurrer being sustained and that he be finally discharged. Afterwards, and on the same day, the present information (the second information) was filed in the circuit court, based on the affidavit of Lena Wingate, charging the defendant with the same offense against Lena Wingate, the same person, charging the same offense for which the defendant had been tried in the justice court and for which he had been put on trial in the circuit court, and his demurrer sustained and the jury dismissed, as afore-

said. To this second information defendant pleaded former jeopardy. This plea is thus stated in the record:

"Now comes the defendant, William Webster, in his own proper person having seen and heard the information filed against him, in this cause, by the prosecuting attorney, on the affidavit of Lena Wingate, on October 3, 1904, said information having been originally filed in the office of the clerk of the circuit court of Grundy county in term time, and, for his plea and answer to said information, states the following facts:

"On April 20, 1904, there was filed before W. B. Linney, a justice of the peace, the following:

#### "'AFFIDAVIT.

" 'Before W. B. Linney, Justice of the Peace in and for Trenton Township, Grundy county, Missouri.

" 'State of Missouri, County of Grundy, ss.

" 'W. M. Wingate, being duly sworn, upon his oath states that on or about the — day of April, 1904, one William Webster, late of said county, did at Grundy county, Missouri, willfully and unlawfully disturb the peace of Lena E. Wingate and divers other persons then and there being, by loud and unusual noise, by loud and indecent language and conversation, by threatening, quarreling, challenging and fighting, against the peace and dignity of the State.

· his<br>" 'W. M. (x) WINGATE.<br>mark

" 'Subscribed and sworn to before me this 20th day of April, A. D. 1904.

" 'W. B. LINNEY,<br>" 'Justice of the Peace.'

"Afterwards and on June 7, 1904, the prosecuting attorney of Grundy county filed with said justice of the peace the following:

## " 'INFORMATION.

" 'State of Missouri, County of Grundy, ss.

" 'Before W. B. Linney, a Justice of the Peace within and for Trenton Township, Grundy County, Missouri.

" 'State of Missouri, Plaintiff, vs. William Webster, Defendant.

" 'Comes now C. J. Bain, prosecuting attorney for Grundy county, Missouri, and upon the affidavit of William Wingate heretofore filed with the justice herein, informs the justice and his court that on the — day of — A. D. 1904, at Grundy county, Missouri, one William Webster did then and there unlawfully disturb the peace of Lena W. Wingate and Chas. Terry by loud and unusual noise, by indecent conversation, by threatening, quarreling and challenging, against the peace and dignity of the State.

" 'CLAUD J. BAIN,
" 'Prosecuting Attorney for
Grundy County, Missouri.'

"On June 8, 1904, the defendant was duly arraigned and tried before said justice of the peace and fined one dollar.

"Afterwards, and on the same day, the defendant duly filed his affidavit and recognizance in appeal, and said justice granted defendant an appeal to the Grundy Circuit Court and said cause was duly transferred by appeal to said court and on June 14, A. D. 1904, said justice of the peace duly filed his transcript in the office of the clerk of the circuit court of Grundy county.

"On Monday, October 3, 1904, the prosecution and cause which had so originated before said justice of the peace, and, which had been appealed, was duly pending in the Grundy Circuit Court; and, the Grundy Circuit Court had jurisdiction of said cause; and, said cause was duly docketed and set for trial on Monday, October 3, A. D. 1904.

"Both parties announced ready for trial. Defendant was arraigned and pleaded not guilty. A jury was duly impaneled and sworn to try said cause and a true verdict render according to the law and the evidence. The prosecution read the information to the jury, made an opening statement of its case, and to prove and maintain said issues on its part, called several witnesses who were duly sworn as witnesses on the part of the State and testified as such; after the testimony of its witnesses, the prosecution announced that it rested its case; further proceedings in said cause on said day are shown by the following copy of the record of the Grundy Circuit Court *in haec verba*:

"'State of Missouri, Plaintiff, vs. William Webster, Defendant.

"'Seventh Day, Monday, October 3, 1904.

"'Defendant filed motion to quash, which was taken up, by the court considered, and by the court overruled.'

"'State of Missouri, Plaintiff, vs. William Webster, Defendant.

"'Defendant appears in open court and waives formal arraignment and pleads not guilty.'

"'State of Missouri, Plaintiff, vs. William Webster, Defendant.

"'Parties answering ready for trial there came the following jury, to-wit: J. M. Dunlap, C. E. Boyce, James Collier, Ben Ballenger, L. D. Cornwell, Theo. Bratton, J. H. Cooper, Robert Gibson, B. C. Nichols, R. E. Boyce, R. I. Sandlin, H. P. Barrows.

"'The State having introduced testimony in this cause defendant offered demurrer to the testimony, and it appearing to the court that prosecuting witness, Wm. Wingate, upon whose affidavit the information was based, was not present at the time of the alleged offense and had no actual or personal knowledge of the offense, the demurrer is sustained and the information

quashed and the court dismissed the jury in the case and ordered that the defendant be held for further prosecution, to all of which the defendant objects and insists on his demurrer being sustained and that he be finally discharged.'

"This was all the proceedings with respect to the information first filed before W. B. Linney, justice of the peace, on appeal, at the October term, A. D. 1904, of the Grundy Circuit Court, which said procceedings are shown by circuit court record of Grundy county, book 13, at page 336, 337, except an order taxing costs against the prosecuting witness, William Wingate. Afterwards, and on the same day, a new information, being the present one, was filed in said court and continued.

"The jury that was so impaneled on October 3, 1904, and to which reference is made in the foregoing excerpt of the record, was discharged without rendering a verdict, without the consent and against the objection of the defendant. Said jury was discharged and allowed to separate without disagreeing or being found wanting with respect to their duty to be performed, or failure in any manner on their part, and without any cause, but solely by mere error and irregularity. The failure of said jury to render a verdict in said cause arose solely from the reason that they were not permitted to render a verdict therein and were not allowed or instructed to pass upon the guilt or innocence of the defendant, with respect to the charge contained in said information.

"That William Webster, mentioned in the aforesaid information, filed on June 7, A. D. 1904, is the same William Webster, being the defendant, who is mentioned in the information filed on October 3, 1904.

"Both of the aforesaid informations allege and refer to the same transaction and facts, at the same time and place.

"The filing of the present information against the defendant places the defendant twice in jeopardy for the same alleged offense and is a violation of article 5 of the Amendments to the Constitution of the United States; and, in violation of sections 22, 23, 28 and 30 of article 2 of the Constitution of Missouri, as well as in violation of his rights at common law; and, under and by virtue of said constitutional provisions, the defendant is entitled to be finally discharged, which constitutional provisions are hereby expressly raised and invoked.

"As to any offense alleged in the present information, filed on October 3, A. D. 1904, the defendant says he is not guilty thereof.

"Wherefore, the defendant prays judgment and that by the court he may be dismissed and finally discharged from the present information.

"WILLIAM WEBSTER, Defendant.

"HUBBELL BROS., Attorneys for Defendant.

"State of Missouri, County of Grundy, ss.

"William Webster being duly sworn on his oath states that the facts stated in the above and foregoing plea of former jeopardy are true in substance and in fact.

"WILLIAM WEBSTER.

"Subscribed and sworn to before me this 28th day of January, A. D. 1905.

"R. F. SCHOOLER."

On February 2, 1905, defendant's plea of former jeopardy came on for hearing; defendant introduced in evidence the documents, papers and records to which reference is made in said plea of former jeopardy and other evidence, which substantially established the truth of the allegations as set forth in said plea of former jeopardy. The court overruled defendant's said plea of former jeopardy, holding it to be insufficient in law, to which action of the court defendant then and

there excepted and properly preserved his exceptions. After overruling defendant's plea of former jeopardy the defendant was put upon trial upon the new information filed October 3, 1904. We deem it unnecessary to reproduce the new information upon which the defendant was tried, for the reason that it is substantially the same as the first information filed, with the exception that it is predicated upon the affidavit of Lena Wingate instead of W. M. Wingate, as was done in the first information.

The principal complaint of error on the part of the defendant is directed to the action of the court upon the plea in bar as heretofore indicated; therefore, it is not essential that the evidence upon the trial upon the new information be set out in detail. It is sufficient to say that there was evidence offered on both sides and the cause was submitted to the jury and they returned a verdict finding the defendant guilty and assessed his punishment at a fine of five dollars. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. Judgment was rendered in conformity to the verdict for the recovery of the fine and from this judgment defendant prosecuted this appeal and the record is now before us for consideration.

## OPINION.

The record in this cause fully discloses the plea of the defendant as to his former jeopardy and we have embraced such plea in the statement made of this cause. There is no controversy as to the truth of the allegations set up in defendant's plea: their truth is conceded, and the trial court simply ruled that they were insufficient in law to constitute a bar to his further prosecution.

The first information filed before the justice of the peace, which was finally pending before the circuit

court of Grundy county by appeal, was upon its face sufficient in form and substance. It is true that the prosecuting attorney did not allege in the information that it was made upon his oath of office, but that did not invalidate the information. All the acts of the prosecuting attorney are presumed to have the sanction of his official oath. In the St. Louis Court of Appeals in the case of State v. Fletchall, 31 Mo. App. 296, and State v. Pruett, 61 Mo. App. loc. cit. 159, it was expressly ruled that that provision of the statute as to filing the information upon his oath of office may be treated as surplusage; and the failure to embrace such allegation in the information would in no way affect its sufficiency, vitality or force.

It is suggested by the learned Attorney-General that the information filed before the justice of the peace was not verified in conformity to the provisions of section 2477, Revised Statutes 1899, therefore was insufficient, and the circuit court of Grundy county acquired no jurisdiction of the cause by appeal. This is clearly a misapprehension of the section of the statute which is applicable to informations filed with a justice of the peace. Section 2477 is applicable alone to informations filed in the circuit or criminal courts. Section 2750, Revised Statutes 1899, provides for the procedure before the justice, and the information upon which the plea in this cause was based, is based upon the provisions of that section. Under the provisions of section 2750 it is not essential that the information should be verified, and this has been expressly ruled by the Court of Appeals of this State. [State v. O'Connor, 58 Mo. App. 457; State v. O'Kelley, 121 Mo. App. 178, and cases cited.]

We have carefully considered the plea of former jeopardy as disclosed by the record, and we see no escape from the conclusion that it constitutes an absolute bar to any further prosecution in this cause. The

defendant in the circuit court had filed a motion to quash the information and this motion was overruled, and the trial court held that it was valid, and it was valid upon its face. Judge Cooley, in his work on Constitutional Limitations (7 Ed.), 467, thus states the correct rule of law applicable to this subject: "A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; and he cannot be deprived of this bar by a *nolle prosequi* entered by the prosecuting officer against his will, or by a discharge of the jury and continuance of the cause." The rule as announced by the eminent text-writer is supported by all courts of the States in the Union that have constitutional provisions similar to ours. The doctrine announced by Judge Cooley in the text finds full support in the repeated announcements by this court of the rules applicable to the subject now under discussion. In State v. Snyder, 98 Mo. 555; State v. Wiseback, 139 Mo. 214; and State ex rel. v. Williams, 117 Mo. App. 564, the law as applicable to this subject was exhaustively reviewed and the conclusions announced were in full accord with the rule announced by Judge Cooley, as heretofore indicated.

We repeat that the information upon which this plea is predicated was valid upon its face. After an unsuccessful motion to quash it both parties announced ready for trial; the jury was impaneled and sworn to try the cause; the State introduced evidence and the defendant filed a demurrer to the evidence, which was sustained and the information quashed, and the court dismissed the jury in the case and ordered that the de-

fendant be held for further prosecution, to all of which action on the part of the court the defendant objected and insisted on his demurrer being sustained and that he be finally discharged. In our opinion this action of the court in sustaining the demurrer to the evidence interposed by the defendant and the quashing of the information and the discharging of the jury over the objections of the defendant, must be treated as an acquittal; and under the provisions of section 23 of article 2 of our present Bill of Rights, which substantially declares "nor shall any person after being once acquitted by a jury, be again put in jeopardy of life or liberty," constitutes an absolute bar to the further prosecution of this defendant for the offense embraced in that information.

From its earliest history and ever since the organization of this State, the organic law has thrown around the citizen protection from being put in jeopardy more than once for the same offense. Commencing with the Constitution of 1820, article 13, section 10, it was there declared that "no person, after having been once acquitted by a jury, shall, for the same offense, be again put in jeopardy of life or limb." Of similar import is section 19 of article 1 of the Constitution of 1865; and the views of those who framed our constitutional provisions, as well as the entire people of this State, are finally crystalized in the provisions of section 23, article 2, of our present Bill of Rights, as hereinbefore quoted.

As to the correctness of the action of the circuit court in sustaining the demurrer to the evidence offered by the State, for the reasons disclosed by the record, we express no opinion. Whether the action of the court was proper or erroneous, the court acted, and the jury was sworn and the trial began; this was sufficient as a basis for the plea interposed by the defendant.

We see no necessity for pursuing this subject fur-

ther. We are unwilling, even though in some instances a guilty man may escape punishment, to view lightly the constitutional provisions as heretofore indicated, guaranteeing protection to the citizen. In this case we have no hesitancy in saying that it was the duty of the trial court, upon the disclosures of the record now before us, to have sustained the plea of former jeopardy interposed by the defendant and discharged him from further prosecution for the offense charged in the information. Entertaining these views, the judgment of the trial court will be reversed and the defendant discharged, and it is so ordered.

All concur.