## THE STATE v. A. E. LINTON, Appellant.

### Division Two, June 4, 1920. ·

1. **FORMER JEOPARDY: Wrong Name.** The fact that defendant A. E. Linton, was named William Linton in the former information, under which he was arrested and · to which he entered his plea, being the person intended in both informations, does not in any manner affect the question of former jeopardy.

2. **———: Different Name.** The first count in an information charging William Sharpe with the unlawful sale of one pint of whiskey cannot be used as the basis of a plea of former jeopardy to a subsequent information charging A. E. Linton with said crime.

3. **———: Jury Sworn: Discharge.** A person is in legal jeopardy when he is put upon trial, in a court of competent jurisdiction, upon an information sufficient in form and substance· to sustain a conviction, and a jury is sworn to his deliverance, even though before verdict the jury is discharged. So that where defendant. A. E. Linton, was put upon his trial under an information, which in its first count charged William Sharpe with unlawfully selling one pint of whiskey, and in the second charged William Linton with unlawfully delivering one pint of whiskey, and a jury being selected and sworn to try the cause, and the mistake in the name in the first count being discovered, the prosecuting attorney en-

tered a *nolle prosequi* in the cause and the jury was discharged, over the protest and exception of defendant, a plea of former jeopardy to a second information, charging that defendant unlawfully sold and delivered one pint of whiskey on said day, is good, and he is entitled to his discharge.

4. ————: ————: ————: Acquittal: Constitution: Common Law. The Constitution says that no person shall, "after being once acquitted by a jury, be again, for the same offense, put in jeopardy of life or liberty," and if this were the whole law on the subject the defense of former jeopardy would not be available until defendant has been acquitted by a jury. But the fact that a portion of the common law on the subject was written into the Constitution did not repeal the remaining part of the common law of former jeopardy, nor was that portion intended to supply all the law on the subject, but was only intended to save it from legislative change, leaving the Legislature free to retain such portion of the former common law on the subject as was not included in the constitutional provision; and the common law on the subject having been retained by statute (Sec. 8047, R. S. 1909), it must be *held*, that where defendant was put upon his trial, in a court of competent jurisdiction, upon an information or indictment sufficient in form and substance to sustain a conviction, before a jury sworn to his deliverance, and a *nolle prosequi* was entered and the jury discharged before verdict, he cannot again be placed upon his trial upon an information charging the same offense; for such is the common law.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED.

*Hall & Billings* for appellant.

(1) The defendant was entitled to a trial by a jury of the issues of fact specially as made by the plea in bar. Pleas in bar in Missouri, which has no statute permitting pleas in bar to go to the jury along with the general issue, must be tried by a jury specially. The plea in bar was admitted by the State. State v. Moore, 66 Mo. 372; Kelly's Crim. Law & Pr. (3 Ed.) sec. 224, 226, 237. (2) The defendant was entitled to his discharge upon the issue submitted by the plea in bar when the

State admitted same by filing no replication, and conceded that there was but the one alleged criminal transaction. Hence the court erred in overruling the plea in bar. The second count of the first information was valid and the jury sworn to try the cause and the defendant had been placed in jeopardy for the same offense. Const. Mo. art. 2, sec. 23; Secs. 4905, 4907, R. S. 1909; Kelly's Crim. Law & Pr. (3 Ed.) secs. 229, 230, 226, 234; State v. Webster, 206 Mo. 558; State v. Headrick, 179 Mo. 300; State v. Rambo, 95 Mo. 465; State v. Stephens, 70 Mo. App. 562; State v. Needham, 194 Mo. App. 201; State v. Linton, 217 S. W. 874; State v. Buente, 256 Mo. 227. Where there is one act, transaction or offense, and the same is charged differently, yet sustained by the same evidence, and one of said charges is necessarily included in the offense charged in the other, such charge falls within the definition of "same offense," and a conviction or acquittal on one of the same is a bar to further prosecution on the other. "Fundamental rule of law that out of the same facts a series of charges shall not be preferred." Bishop's New Cr. Law (8 Ed.), secs. 1049, 1051, 1057, 1060, 1015, 1016, 1070a; Secs. 4905, 4907, R. S. 1909; State v. Patterson, 116 Mo. 505; Kelly's Crim. Law & Pr. (3 Ed.), sec. 220, State v. Headrick, 179 Mo. 300; State v. Needham, 194 Mo. App. 201; State v. Linton, 217 S. W. 874; State v. Buente, 256 Mo. 227; State v. Snyder, 98 Mo. 555; State v. Brannon, 55 Mo. 63; State v. Pitts, 57 Mo. 85. A delivery is the principal element of a sale, as it is a transfer of the title to the property. The delivery herein was simultaneous with the sale and was the principal ingredient of the same act, transaction or offense. And an acquittal of the delivering by a *nolle prosequi* after the jury is sworn to try the cause is equivalent to an acquittal on the merits, and is a bar to prosecution for the sale. State v. Needham, 194 Mo. App. 201; Secs. 4905, 4907, R. S. 1909; State v. Patterson, 116 Mo. 505; Kelly's Crim. Law & Prac. (3 Ed.) secs. 220, 234.

*Frank W. McAllister,* Attorney-General, and *C. P. LeMire,* Assistant Attorney-General, for respondent.

(1) The plea of *autrefois acquit* is a special plea in bar and should appear in the record proper. 1 McQuillin's Missouri Practice, secs. 926, 974; Saddlery Co. v. Bullock, 86 Mo. App. 89; State p. Holloway, 57 Ore. 162; State x. Baker, 264 Mo. 339; State v. Collins, 266 Mo. 93; Watson v. Maryland, 105 Md. 650; U. S. v. Oson, 57 Fed. 582; State v. Lopez, 19 Mo. 254; L. R. A. 1917A, notes, p. 1233. (2) Where the plea in bar is insufficient or where the identity of the two offenses may be determined by the court by an inspection of the record, it is not error to refuse to submit same to a jury. State v. Schyhart, 199 S. W. 290; State v. Goddard, 162 Mo. 224; State v. Keating, 223 Mo. 93; State v. Williams, 152 Mo. 120; State v. Snyder, 182 Mo. 504. (3) Defendant was not placed in jeopardy on either count of the original information. State v. Wilson, 39 Mo. App. 187; State v. Linton, 217 S. W. 875; State v. McWilliams, 267 Mo. 450; State v. Schyhart, 199 S. W. 205. The offense charged in the second information is not the same offense charged in the second count of the original information, consequently the plea of *autrefois acquit* was without merit. State v. Laughlin, 180 Mo. 342; State v. Anderson, 186 Mo. 25; State v. Oaks. 202 Mo. 86; State v. Hess, 240 Mo. 147; State v. Zehnder, 182 Mo. App. 176.

WILLIAMS, P. J.—Defendant was convicted and fined in the sum of three hundred dollars in the Circuit Court of Dunklin County, upon an amended information which charged him with a violation of the Local Option Law, in that he unlawfully sold one pint of whiskey in Dunklin County, in which the Local Option Law was in full force and effect. The defendant was charged and arrested under the name of William Linton.

Upon the trial defendant filed a plea of *autrefois acquit.* alleging in substance that he had before been placed in jeopardy for the identical crime.

State v. Linton.

The facts upon which the former jeopardy arises are admitted and may be briefly summarized as follows:

On December 14 1918, the Prosecuting Attorney of Dunklin County filed an information in the circuit court of that county against *William* Linton. The information was in two counts, but by some mishap, the reason for which does not appear in this record, the first count charged one William Sharp with the unlawful sale of one pint of whiskey on December 13, 1918, in Dunklin County, in violation of the Local Option Law. The second count charged William Linton with having violated said Local Option Law on December 13, 1918, by unlawfully keeping, storing for and delivering to another person, one pint of whiskey. It is admitted that defendant *A. E.* Linton was arrested under this first information and gave bond thereunder and when the case was called for trial under the first information on January 14, 1919, defendant *A. E.* Linton, appeared and answered ready for trial. Thereupon a jury was selected and sworn to try the cause. Shortly thereafter the prosecuting attorney discovered the mistake in the first count of the information and entered a *nolle prosequi* in said cause and the jury was discharged over the protest, objection and exception of the defendant. Thereafter and on the same day the said prosecuting attorney filed the amended information upon which the present trial was had.

It stands conceded by this record that both of these informations undertook to charge a crime based upon the identical transaction. In other words there is evidence tending to show that defendant did violate the Local Option Law by *selling* said pint of whiskey in said county and in so doing and as part of the transaction he *delivered* said pint of whiskey, also in violation of said Local Option Law.

The defendant was granted an appeal to the Springfield Court of Appeals, but that court, in an opinion rendered, transferred the case here on the theory that a constitutional question was involved, in that the cause involved the construction of Article 2, Section 23, of our Con-

stitution which deals with the subject of former jeopardy.

I. The fact that defendant *A. E.* Linton was named as *William* Linton in the respective informations does not in any manner affect the question of former jeopardy.

Wrong Name.  It is admitted that defendant A. E. Linton was the person intended in both informations and that he was the person who in fact was arrested and entered his plea in both instances. Whenever a defendant is indicted by his wrong name and does not call the trial court's attention to his correct name before pleading he is to be proceeded against by the name in the indictment. [Section 5113, R. S. 1909.]

II. It stands conceded that the second count of the original information and the amended information each charge a crime growing out of one and the same criminal transaction. In other words, the unlawful delivery charged in the second count of the original information is but a part of the transaction going to make up the unlawful sale charged in the amended information.

Former Jeopardy.

We have no hesitancy in saying that the first count of the original information cannot be used as the basis of a plea of former jeopardy because upon its face it charges no crime against the defendant.

But under the second count of the original information, defendant is charged with an unlawful delivery of this one pint of whiskey. The case was called, the parties announced ready for trial, and a jury was selected and sworn to try the cause and thereafter, over the objection and exception of defendant, the prosecutor entered a *nolle prosequi* and the jury was discharged.

Under a recent ruling of the Springfield Court of Appeals had the trial proceeded to an acquittal or conviction upon the second count of the original information, it would have been a complete bar to another prosecution for the unlawful sale based upon the same transaction, which forms the basis of the charge in the amended information. [State v. Needham, 194 Mo. App. 201.]

We think the above ruling of the Court of Appeals is sound and is in harmony with the greater weight of authority. [Kelley's Criminal Law and Practice (3 Ed.), par. 237, p. 194; 8 R. C. L. 143; 16 C. J. 279.]

If it be true, as above stated, that a conviction or acquittal under the second count of the original information would be a complete bar to a prosecution under the amended information then there is no escape from the conclusion that defendant was placed in jeopardy under the second count of the original information when the jury was sworn. This is the well established rule at common law. [State v. Webster, 206 Mo. 558, l. c. 571; State v. Hays, 78 Mo. 600, l. c. 606; 8 R. C. L. 138-139 and cases cited; 16 C. J. 236 and cases cited.]

III. Although it be conceded that the defendant has been once before in jeopardy for the same offense, is he entitled to be discharged by reason thereof and if so by what authority of law?

Discharge.

Section 23 of Article 2 of the Missouri Constitution is as follows:

"That no person shall be compelled to testify against himself in a criminal cause, *nor shall any person, after being once acquitted by a jury, be again, for the same offense, put in jeopardy of life or liberty*, but if the jury to which the question of his guilt or innocence is submitted fail to render a verdict, the court before which the trial is had may, in its discretion, discharge the jury and commit or bail the prisoner for trial at the next term of court, or, if the state of business will permit, at the same term; and if judgment be arrested after a verdict of guilty on a defective indictment, or if judgment on a verdict of guilty be reversed for error in law, nothing herein contained shall prevent a new trial of the prisoner on a proper indictment, or according to correct principles of law." (Italics ours).

We are of the opinion that the above constitutional provision has no real application to the situation now held in judgment. The Constitution says, "nor shall

any person, *after being once acquitted by a jury,* be again, for the same offense, put in jeopardy of life and liberty," etc. The defendant in the instant case was not acquitted by a jury and hence we are unable to see in what manner the constitutional provision can be held to apply. The language of the Constitution is clear and unequivocal and we know of no reason why it should not be construed as it reads.

There seems to have arisen some confusion on the question of former jeopardy and our own reports are not entirely free from criticism along this line. After carefully reviewing many of the cases upon the subject we are led to the belief that this confusion arises by reason of failing to call to mind that the law of former jeopardy first arose under the common law. (8 R. C. L. 134-135), and that in some state constitutions and in the Federal Constitution the old common law rule that *no person shall for the same offense be twice put in jeopardy of life or limb,* was incorporated *in its entirety,* while in other state constitutions, notably that of Missouri, apparently only a portion of the common law on the subject was incorporated (and thereby removed from legislative interference).

But it goes without saying that the common law as to former jeopardy is in effect in this State, unless the same has been changed or modified by the Constitution or by statutory enactment. [Section 8047, R. S. 1909.] The fact that a portion of the common law on this subject was written into our Constitution should certainly not be given the effect of having repealed the remaining portion of the common law on the subject unless the constitutional provision should be found to be in conflict therewith. [Sec. 8047, supra.]

The common law general rule applicable to the situation now held in judgment was quoted with approval by this court from Cooley on Constitutional Limitations in the case of State v. Webster, 206 Mo. 558, l. c. 571, as follows:

"A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance.  And a jury is said to be thus charged when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; and he cannot be deprived of this bar by a *nolle prosequi* entered by the prosecuting officer against his will, or by a discharge of the jury and continuance of the cause."

There are certain well known exceptions to this general rule and a large number of them will be found discussed in the learned opinion by FARIS, J., in State v. Buente, 256 Mo. 227, l. c. 241; but none of the exceptions are applicable to the case at bar.  Some of these exceptions are exceptions recognized by the common law and others are exceptions created by statute, as was the situation held in judgment in the case of State v. Buente, supra.  The statutory exception in the Buente case was held not to conflict with the above mentioned provision of our State Constitution, which is further persuasive proof that our constitutional provision was not intended to supply all the law on the subject, but only to save from legislative change that portion which was permanently preserved by the constitutional mandate, leaving the Legislature free to act upon such portion of the law of former jeopardy as was not included in the constitutional provision.

We find no statute in this State which changes or conflicts with the above mentioned general rule of the common law applicable to the facts in the case at bar. That being true the rule should be considered as remaining in full force and effect.  Applying said rule to the facts held in judgment in the case at bar it clearly appears that defendant was placed in jeopardy under the second count in the original information and that the same constitutes a bar to a prosecution under the amend-

ed information. Such being the case defendant's plea of former jeopardy should have been sustained.

It therefore follows that the judgment must be reversed and the defendant discharged. It is so ordered. All concur.