**CITY OF ST. LOUIS, Plaintiff-Appellant,**

v.

**CAPITOL VENDING COMPANY,**
**Defendant-Respondent.**

No. 31223.

St. Louis Court of Appeals.

Missouri.

Jan. 21, 1964.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Feb. 12, 1964.

Thomas J. Neenan, John J. Fitzgibbon, DeWitte T. Lawson, Jr., Eugene P. Freeman, Harry J. Dodson, St. Louis, for plaintiff-appellant.

Morris A. Shenker, Lawrence J. Lee, Emanuel Shapiro, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

Pursuant to Civil Rule 82.13, V.A.M.R., the parties filed a statement of the case, approved by the trial court, as the transcript on appeal. It appears from the statement that on September 13, 1960, an information was filed in the Municipal Court of St. Louis wherein Capitol Vending Company was charged with having sold or offered for sale packaged cigarettes without hav-

ing affixed thereto the required City cigarette tax stamp, in violation of Sections 64 and 73 of Ordinance 46432. Defendant through its attorney pleaded not guilty, was tried and fined, and duly appealed to the St. Louis Court of Criminal Correction.

In that court defendant by its attorney entered a plea of not guilty, and twice stood trial. The first ended when a mistrial was declared, and the second resulted in a verdict of guilty, entered on May 9, 1961. This verdict was subsequently set aside by mutual consent. Thereafter, on January 17, 1962, defendant filed a motion to dismiss the information for the reason that, " * * * the Capital Vending Co. is a fictitious name registered with the State of Missouri by the Central States Tobacco Co., Inc., and as such is not an entity whereby it can sue or be sued and thus is not a party in interest in the above-entitled cause." It is further related in the statement that at the hearing on the motion the court heard "uncontroverted evidence" that Capitol Vending Company is a fictitious name registered with the State by Central States Tobacco Company, Incorporated, and that it received in evidence a copy of the registration certified by the Secretary of State. The attorney for the City, according to the statement, "then and there made a motion requesting the Court to enter the name of Central States Tobacco Company in the minutes of the Court and to conduct the trial against said Central States Tobacco Company, Incorporated, pursuant to Supreme Court Rule 24.10." So far as shown by the statement of the case, the trial court apparently did not directly rule on the City's motion, but in effect it did so adversely by entering an order and judgment sustaining defendant's motion to dismiss and discharging it.

In the act creating the St. Louis Court of Criminal Correction it is provided that the proceedings of that court shall be governed by the laws regulating proceedings and practice in criminal cases, so far as the same may be applicable. Sec. 479.180, RSMo 1959, V.A.M.S.; City of St. Louis v. Vetter, Mo.App., 293 S.W.2d 140. Rule 24.10 of the Rules of Criminal Procedure reads:

"If the indictment or information shall contain the wrong name of the defendant, he shall be proceeded against by such name unless he declare his true name before pleading. If such true name is given, it shall be entered in the minutes of the court, and the trial and all other proceedings shall be had against the defendant under that name, as if he had been indicted or informed against by his true name."

We note in passing that the Rules of Practice and Procedure in Municipal Courts contains a similar provision. See Rule 37.27. The source from which Rule 24.10 appears to have been derived was Sec. 545.-230, RSMo 1949, V.A.M.S.

The sole ground of defendant's motion to dismiss was that "Capitol Vending Co." was a fictitious name registered by Central States Tobacco Co., Inc., in accordance with Section 417.210, RSMo 1959, V.A.M.S. The certified copy of the registration which it introduced in evidence showed that Central States was the only party owning an interest in Capitol Vending. By its motion and its evidence, it conceded and proved that Capitol Vending was the alter ego of Central States, and that they were one and the same legal entity. There was no claim by Capitol Vending that it was not the person indicted or informed against, as in State v. Duncan, 336 Mo. 600, 80 S.W.2d 147. Hence, the only effect of its motion was to bring to the attention of the court its correct corporate name. Since defendant had pleaded not guilty in the St. Louis Court of Criminal Correction and had twice stood trial in that court there is grave doubt whether its motion was timely filed. For Rule 24.10 provides that if the information contains the wrong name of the defendant he must declare his true name before pleading or, failing that, be proceeded against by the name in the information. State v. Linton, 283 Mo. 1, 222 S.W. 847, 848.

In any event the conclusion is inescapable that the court erred in discharging defendant. At best its motion amounted to no more than a claim of misnomer, which is not a grounds for discharge. State v. Schricker, 29 Mo. 265. Assuming that defendant's motion was timely filed, the court, as requested by the City and as required by Rule 24.10, should have entered Central States' name in the minutes of the court and the action should have proceeded against it as if it had been informed against by that name. State v. Schricker, supra; State v. Linton, supra; State v. Duncan, supra.

In its brief defendant attempts to raise other grounds, not contained in its motion, to justify the court's action in discharging it. The first is that the information is vague and indefinite. If so, the defendant should have filed a motion for a bill of particulars within the time designated in Rule 24.03. Having failed to do so it waived the objection. Rule 25.06; State v. Bright, Mo., 269 S.W.2d 615. Defendant also claims that the information is duplicitous in that the charge is that it did "sell or offer for sale" packaged cigarettes without affixing the required stamps; and that two separate criminal acts under the ordinance are thereby charged disjunctively. We are not unaware of the rule that where a statute or an ordinance describes acts or offenses disjunctively, the indictment or information should charge them conjunctively, if they are not repugnant. State v. Miller, 329 Mo. 855, 46 S.W.2d 541; State v. Bilyeu, Mo., 295 S.W. 104; State v. King, Mo.App., 285 S.W. 794. However, the weakness in defendant's position is that the ordinance in question is not included in the statement of the case and we cannot take judicial notice of it. City of Tarkio v. Loyd, 179 Mo. 600, 78 S.W. 797; City of St. Louis v. Vetter, supra. For aught that appears before us one or the other alternative may not be a violation of the ordinance.

It will undoubtedly clarify matters if all further proceedings are conducted in the

defendant's correct corporate name. Accordingly, the judgment should be reversed and the cause be remanded with directions to enter the defendant's name, Central States Tobacco Co., Incorporated, in the minutes of the court and to conduct all further proceedings under that name as if it had been informed against by that name. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is reversed and the cause remanded with directions to enter defendant's name, Central States Tobacco Co., Incorporated, in the minutes of the court and all further proceedings be conducted under that name as if it had been informed against by that name.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.